PHILLIS, Respondent, v. GROSS et al. (Gross, Appellant.)

(164 N. W. 971.)

(File No. 4118. Opinion filed November 12, 1917. Rehearing denied December 31, 1917.)

1. **Vendor and Purchaser—Vendee's Title, Acts Necessary to Vest.**
    When purchaser performs all acts necessary to entitle him to a deed, then, not until then, he has an equitable title.

2. **Same—Possession by Third Party, Notice of—Sufficiency of Evidence.**
    In a suit to quiet title to realty, evidence held sufficient to

impart actual notice of continuous possession by a third party, as against purchaser and his grantor.

3. **Trials—Findings—Findings of Evidence, Grossly Objectionable.**

Where findings of fact containing findings of ultimate facts, contained also findings of evidence covering forty printed pages, they were grossly objectionable.

4. **Vendor and Purchaser—Purchase Money Notes Unaccounted For, If Existing—Subsequent Purchaser, Relations of to Holder of Notes—Former Opinion Modified.**

Where, in a suit to quiet title, plaintiff claiming under a subsequent deed from an original vendor who had executed a contract for deed to third party, **held,** that, it being uncertain whether notes referred to in said contract as purchase money notes were ever executed, and if so, as to who was owner thereof, the former opinion (32 S. D. 438, 143 N. W. 363) in this case should have been silent as to relationship between the holder of said notes, if existing, and the holder of the title to the realty; that if no notes were executed, a claimant of the land under a subsequent deed from said vendor contractor stands in said claimant's shoes relative to vendor's rights under the contract for deed. **Held,** further, that the question whether, if the notes were in the hands of third persons, said defendant would stand in same position, should not have been decided in former opinion.

5. **Quieting Title—Purchaser Under Contract for Deed—Non-payment of Purchase Price or Taxes, Whether Vesting Ownership —Former Opinion Modified—Relief Granted.**

Where, in a suit to quiet title, there is no evidence that the purchaser, or plaintiff claiming under him as subsequent grantee, ever paid the sum due on the original contract for a deed, or taxes on the land, **held,** that trial court erred in finding that plaintiff was owner of the land, as against those claiming under a subsequent deed from said original vendor; that plaintiff has shown no ground for legal relief, and unless payment be made by her as hereinafter permitted, she has shown no ground for equitable relief. **Held,** further, that plaintiff should be permitted to pay into court the amount due on said sale contract, together with taxes; allowing defendant (claimant under said subsequent deed) to retain value of use of the premises since he has been in possession; he being entitled to repayment of taxes paid by him and his grantors during years while he and they held possession; trial court being directed to enter interlocutory order accordingly; that plaintiff be also allowed to pay into court the sum due under said contract for deed, with interest, etc., such sum to await determination of ownership thereof either by bringing in new parties, or by result of an independent suit; upon payment of which sums judgment to

be entered decreeing plaintiff to be owner in fee clear of all rights, etc., of defendants so claiming; otherwise trial court will enter judgment dismissing suit upon its merits.

Appeal from Circuit Court, Potter County. Hon. JOSEPH BOTTUM, Judge.

Action by Elmina E. Phillis, against Robert A. Gross and others, to quiet title. Opinion on previous appeal modified, and trial court directed to allow plaintiff to make certain payments into court in perfection of her title, etc.

*Howard G. Fuller,* for Appellant.

*Robert B. Fisk,* for Respondent.

(1) To point one of the opinion, Appellant cited. Warvelle on Vendors, Secs. 176, 183.

GATES, P. J. This case was before us upon a former appeal; the opinion then rendered appearing in 32 S. D. 438, 143 N. W. 373, reference to which is made for an understanding of the present appeal.

[1] In the former opinion an incorrect statement made in the first draft thereof was inadvertently allowed to stand, to-wit: In line 7, page 454, 32 S. D. (in line 48, col. 2, 143 N. W. 378), it was stated: "Edgerton became the equitable owner of the property." The statement should have been: "Edgerton acquired an equitable interest in the property." That such was the intention of this court is clear from the following language in next to the last paragraph of the opinion, viz.:

"And it nowhere appearing that he ever paid the purchase price for the land or became possessed of the legal or equitable title thereto, plaintiff failed to establish her ownership in fee, and therefore failed to establish her cause of action."

When a purchaser performs all acts necessary to entitle him to a deed, then, and not until then, has he an equitable title. Reid v. Gorman, 37 S. D. 314, 158 N. W. 780; Chappell v. McKnight, 108 Ill. 570; Warvelle on Vendors, § 176.

[2, 3] Upon a new trial the court found that defendant Gross and his antecedent grantors purchased the property with actual notice, or under circumstances sufficient to impart actual notice, of Edgerton's continuous possession of the land from 1898 to the time of his death in 1908. Although these findings are vigorously assailed by appellant, we are of the view that they are sustained

by the preponderance of the evidence. The findings of fact, besides containing findings of ultimate facts, contain findings of evidence, and were grossly objectionable, covering as they do 40 pages of the printed record.

[4] Notwithstanding the concluding portion of the former opinion, and without any evidence that Edgerton or his successor in interest, the plaintiff, had ever paid the sum due on the contract or bond for deed, or the taxes on the land, the court held that the plaintiff was the owner of the land, and decreed defendants to have no interest therein, except that defendant Gross had a lien for the taxes paid for 1906 and subsequent years. The court also held (undoubtedly in view of certain dicta in the former opinion) that, inasmuch as the notes described in the contract or bond for deed were not accounted for in this action, the defendant Gross was not the assignee of such contract, but merely held the title for the owner of the notes. It is a singular thing that upon both trials there has been no evidence offered as to these notes, if any notes were in fact ever executed and delivered to Chamblin, although Chamblin's deposition was taken for use upon the last trial. We are inclined to the view that the former opinion should have been silent upon the precise relationship between the holder of the notes, if there were notes, and the holder of the title. One thing is certain, and that is that, if no notes were executed, the defendant Gross now stands in Chamblin's shoes with reference to the vendor's rights under the bond for deed. Whether, if the notes were in the hands of third persons, the defendant Gross would stand in the same position, should not have been decided in the former opinion, and it is not now proper to determine, in the absence of such possible adverse parties. If said notes were in fact given, and no payments were made thereon (which is conceded), they have long since become outlawed, and, inasmuch as the estate of Edgerton has been administered, no recovery can be had upon them against said estate or against the plaintiff. Therefore, in determining what duty devolves upon plaintiff, or in arriving at the proper judgment to be entered in this case, so far as she is concerned, it is unimportant to decide whether Gross has been subrogated to Chamblin's rights under the bond for deed. It is certain that respondent has shown no ground for legal relief, and unless pay-

ment be made by her as hereinafter permitted, she has shown no ground for equitable relief.

[5] But it is urged by appellant that, even treating this as an action for specific performance, yet no ground for equitable relief is shown. In this connection appellant cites and relies upon the decision of this court in Watters v. Ryan, 31 S. D. 536, 141 N. W. 359. We think that case has no application to this. In the former opinion herein we held that time was not of the essence of this contract. Edgerton died June 5, 1908, in possession of the land. The final decree in his estate was entered June 6, 1909. This action was begun May 6, 1910. No rights to the property were acquired between June 6, 1909, and the time of beginning this action, except possibly by defendants Bost and Lathrop, and they filed disclaimers, alleging the retransfer of their respective interests to defendant Gross. As found by the trial court, Edgerton never abandoned the contract. He was in possession when the value of the use and occupation of the land was nominal. Since defendant Gross has been in possession, the value of such use has greatly increased We are of the view that equity requires that plaintiff should be permitted to pay into court the amount due on the contract, together with taxes, allowing the defendant Gross to retain the value of the use of the premises since he has been in possession. The defendant Gross is entitled to be repaid, not only the taxes for the year 1906 and subsequent years, but also the taxes for the years 1901 to 1905, inclusive; such taxes having been paid by his preceding grantors.

The judgment of the trial court is vacated and set aside, without costs to either party. The trial court is directed to enter an interlocutory order adjudging that plaintiff be given permission to pay into court, within 90 days thereafter, for the benefit of defendant Gross, the taxes paid by him and his previous grantors for the year 1901 and subsequent years, together with interest at 7 per cent. per annum from the respective dates of payment, and also the clerk's commission upon the total sum.

Such interlocutory order shall further provide that plaintiff be given permission to pay into court, within 90 days thereafter, the sum of $582.50, with interest computed from the times and at the rate specified in the contract or bond for deed between Chamblin and Edgerton; together with the clerk's commission

upon the total sum.    Such order shall further provide that the
sum mentioned in this paragraph shall be held by the clerk of
said court to await the determination of the ownership thereof,
either by bringing in new parties in this action, or by the result
of an independent action as the trial court may direct.

In the event of the payments being made as herein provided.
the trial court will enter judgment decreeing plaintiff to be the
owner in fee of said premises, free and clear of all right, title,
interest, or claim of defendants whatsoever, without costs to either
party.    If said payments be not so made, the trial court will enter
judgment dismissing this action upon its merits, with costs to
defendant Gross.