WYATT et al, Respondents, v. MEADE COUNTY BANK et al (Harris, Appellant.)

(166 N. W. 423.)

(File No. 4153.   Opinion filed February 14, 1918.)

1. **Pleadings—Overruling Demurrer, Trial on Merits, As Waiver of Demurrer—Jurisdictional Question.**

     Trial upon issues presenting merits of the controversy, after demurrer to complaint overruled, amounts to waiver of any question, unless jurisdictional, raised by the demurrer.

2. **Escrow—Agreement for Conditional Delivery, Deposited With Deed, Effect as Covenant for Deed.**

     The deposit of a deed to realty in escrow, together with an agreement providing for delivery thereof to grantee upon certain purchase money payments specified in the agreement, is in effect a covenant for execution of a deed upon payment of balance of purchase price.

3. **Vendor and Purchaser—Part Payment, Whether Vesting "Title," or Interest—When Title Vests—Foreclosure on Default, Whether Proper Remedy—Statute.**

     Payment of part of purchase price by purchaser of realty does not vest legal or equitable title in purchaser, but only an equitable interest; and a so-called "equitable title" is no more than a right to the legal title which may be presently enforced in equity, and does not become vested in purchaser until full payment, or other compliance with conditions of contract; until which time no interest passes which could

become subject to mortgage lien; and vendor's remedy upon default of purchaser falls within Laws 1913, Ch. 138, providing for foreclosure of executory contracts of sale.

**4. Appeals—Error—Option Sale Contract, Misconstruction of—Proper Remedy Awarded—Harmless Error—Statute**

Error of trial court, if any, in holding a contract for realty sale to be an option contract instead of an executory contract of sale, was not prejudicial, trial court having awarded the proper statutory remedy, under Laws 1913, Ch. 138, concerning foreclosure of executory contracts of sale.

Appeal from Circuit Court, Meade County. Hon. LEVI McGEE, Judge.

Action by Archibald E. Wyatt and others, against the Meade County Bank and others, to recover possession of a deed to realty, and for damages; Clarence B. Harris being substituted as sole defendant. From a judgment for plaintiff, and from an order denying a new trial, defendant Harris appeals. Affirmed.

*Harry P. Atwater,* and *H. M. Lewis,* for Appellant.

*Martin & Mason,* for Respondents.

(3) To point three of the opinion, Appellants cited: Civ. Code, Sec. 2044, 11; XI. Am. & Eng. Enc. of Law, p. 129, and cases cited: 27 Cyc. 981; Lumber Co. v. Claflin, (N. D.) 113 N. W. 1036; Gardels v. Kloke, (Nebr.) 54 N. W. 834; Scott v. Wharton, 2 Hen. & M., 25; Phillips v. Gross, (S. D.) 143 N. W. 373.

Respondents cited: Rev. Civ. Code, Sec. 2356.

SMITH, J. Action as originally brought was to recover possession of a deed alleged to be of the value of $20,000, and for $5,000 damages. The deed and a contract containing conditions affecting its delivery were deposited as an escrow in the defendant bank, and subsequently came in custody of the state bank examiner by reason of insolvency of the bank. Clarence B. Harris, who was the other party to the escrow agreement, was substituted as sole defendant, and answered admitting an agreement under which the deed was deposited, and alleging conditions upon which the same was to be delivered. Briefly stated, the conditions were that defendant should pay into the bank to the credit of plaintiff at certain intervals certain sums of money, which, together with $250 paid upon deposit of the deed and agreement, aggregated $15,000, which was the agreed

purchase price of the property; the $250 paid down was to apply on the purchase price; that he was to be given, and has ever since had, possession of the mining property; alleged that the escrow agreement and deed were deposited with the bank to secure payment of the remaining $14,750; admits a balance of the purchase price due and unpaid; alleges that he has fully complied with all the conditions of the agreement except payment of the balance of the purchase price; alleges that plaintiffs accepted various payments after default in the making of payments specified in the contract; and prays that the plaintiffs be required to foreclose the escrow agreement as a mortgage.

Plaintiffs served and filed a reply which admits acceptance of payments after default; admits defendants' possession of the property; denies the granting of extensions of time for making payments; alleges that $10,200 is still unpaid; denies that the deposit of the escrow agreement and deed was as security, but alleges it was an option agreement, which gave defendant no rights in the property except upon full payment; alleges default in payments; and prays that the contract be ordered delivered up and canceled and the deed returned to plaintiff.

[1]    Appellant assigns as error an order overruling a demurrer to the complaint. The trial upon issues which present the merits of the controversy amounts to a waiver of any question, unless jurisdictional, raised by the demurrer. The trial court held as a conclusion of law that the written agreement was an option contract, but that because plaintiffs had not exercised their right to demand a return of the deed upon default in payments, and had waived the provision of the contract declaring time to be of the essence of the contract by accepting payments after default, the defendant, as a matter of grace, should be given 90 days in which to pay a balance of $10,200 due on the purchase price, and upon payment should receive the deed; but upon failure to make such payment that the deed should be returned to plaintiffs and the contract canceled. It is appellants' contention that plaintiffs should be required to foreclose the escrow agreement as a mortgage, with the right of redemption in defendants.

[2, 3]    The deposit of the deed in escrow, together with the agreement, was the same in legal effect as a covenant for

the execution of a deed upon payment of the balance of the purchase price. Payment of a part of the purchase price, however, does not vest a legal or equitable title in the purchaser, but only an equitable interest in the property. A so-called "equitable title" is nothing more than a right to the legal title, which may be presently enforced in equity. The so-called "equitable title" or right does not become vested in the purchaser until full payment of the purchase price—or other fulfillment of the conditions of the contract—until which time the purchaser has no interest which can by virtue of this contract become subject to a lien as of a mortgage, although part payment may have given him an equitable interest in the property, which a court of equity will protect. It follows that the trial court was correct in holding that the contract should not be dealt with as a mortgage. The contract was executory, and the remedy of the parties upon default in its conditions falls within the provisions of chapter 138, Laws 1913. Substantially the same principles are involved as in State of South Dakota v. Darling, 165 N. W. 536; Sweet v. Purinton, 166 N. W. 161.

[4] The error of the trial court, if any, in holding the contract to be an option contract, was not prejudicial to appellant, for the reason that the judgment or decree awarded the proper remedy under the statute.

The decree of the trial court is affirmed, but appellant will be given 90 days from the filing of the remittitur within which to pay the balance of the purchase price with legal interest, and upon such payment the deed shall be delivered to him. Upon failure to make payment within such time, the deed shall be returned to plaintiffs and a final judment of cancellation of the contract entered by the trial court. Costs of appeal to be taxed against appellant.