TUFTY, Respondent, v. SIOUX TRANSIT CO., Appellant

(17 N. W.2d 700.)

(File No. 8700. Opinion filed February 16, 1945.)

**Bailey, Voorhees, Woods & Fuller** and **M. T. Woods,** all of Sioux Falls, for Appellant.

**Louis H. Smith,** of Sioux Falls, for Respondent.

SMITH, P. J.  This action was brought under SDC 37.22 against the Sioux Transit Company and one Ted Tufty to recover damages for the wrongful death of a five year old child.  The death was the result of an intersectional collision between a bus of the Sioux Transit Company and a car driven by Ted Tufty.  The child was a passenger in the car of Ted Tufty, her uncle.  The first trial resulted in a verdict and judgment exonerating Ted Tufty, and in a verdict and judgment against the Sioux Transit Company in the sum of $6,000.  The latter judgment was reversed by this court. Tufty v. Sioux Transit Co., 69 S. D. 368, 10 N. W.2d 767.  In the second trial, the jury returned a verdict against the Sioux Transit Company for $7,000 "with interest at 5 per cent per annum from Jan. 1, 1942 to Sept. 17, 1943, amounting in all to $7599.60." The trial court denied the motion of the defendant for a new trial but reduced the judgment to $7,000.  Its order recited that "the jury was not warranted in returning a verdict for interest, * * * and the plaintiff having in open court accepted a reduction of the verdict in the sum of such interest, * * *.  It is ordered and adjudged that the verdict and judgment * * * be reduced * * *." The appeal presents the judgment and order overruling the motion for new trial for review.

■ A group of assignments deal with the admission of evidence and the cross-examination of witnesses. An examination of the record of that which preceded and followed the questions and answers appearing in these assignments has convinced us that defendant suffered no prejudice from these rulings of the trial court.

By a series of questions and offers plaintiff sought to prove that the defendant Tufty was exonerated at the first trial. In each instance the trial court sustained the objection of defendant. However, before objection could be made a witness made an affirmative answer to plaintiff's question: "And I will ask you if you know whether the jury returned a verdict in favor of the defendant, Ted Tufty." This answer was stricken by the court. After the subject of the former verdict had been twice injected by counsel for plaintiff, defendant requested the court to instruct counsel not to make further mention of that verdict, and later, in objecting to the above-described testimony which was stricken, defendant asked the court to admonish the jury to disregard it. The court failed to respond to this request. Error is predicated upon the failure of the court to admonish the jury to disregard these references to the former verdict.

Whether the negligence of Ted Tufty was the sole proximate cause of the tragic death of the little girl was fully and fairly submitted by the court's instructions and the jurors were cautioned to confine themselves to a consideration of the evidence in their deliberations. We seriously doubt whether the plight in which defendant was put by the injection of the former verdict would have been bettered by the added special admonition. However, we do not rest our decision of this issue upon that ground.

■ The conduct of counsel gave rise to the described requests for admonition. Implicit in the assertion that the court should have heeded the requests is an assumption that counsel was guilty of misconduct in persisting until he had acquainted the jury with an inadmissible fact. In determining its course, the trial court was required to determine not only that counsel's conduct was wrongful, but how it could most effectively neutralize such conduct. These requests were, we think, addressed to the court's judicial discretion.

In abusing that discretion, the court would not commit an error at law in the sense those words are used in SDC 33.-1605(7). Refusal of such admonitions, in our opinion, constituted an "abuse of discretion by which" defendant "was prevented from having a fair trial" and must be challenged under SDC 33.1605(1). The only way such a matter can be presented in the record is by affidavit as required by SDC 33.1606, and unless so presented it is not subject to review upon appeal. Keyes v. Baskerville, 42 S. D. 381, 175 N. W. 874; Wolff v. Stenger, 59 S. D. 231, 239 N. W. 181; State v. Degner, 59 S. D. 539, 241 N. W. 515. The record fails to reveal the essential affidavit in connection with the motion for new trial.

■ ■ The court submitted the issue of contributory negligence of the parents of the deceased to the jury, but refused certain requests of defendant on that subject. These instructions were predicated upon the assumption that the evidence was sufficient to warrant an inference that Ted Tufty was in a stage of intoxication on the day in question; that his condition contributed to the collision; and that the parents knew or ought to have known of his condition at the time the child was permitted to accompany him on the fatal ride. The evidence, in our opinion, is wholly insufficient to warrant an inference that the father of the child knew or ought to have known that Tufty was intoxicated, or to charge the father with responsibility for the presence of his daughter in the Tufty car at the time of the collision. The instructions requested refer to "the parents" throughout and for that reason were properly refused. Under this record the contributory negligence of the wife, if any, is not imputable to the husband so as to bar a recovery for his benefit for the death of their minor child. 23 A. L. R. 690; 69 A. L. R. 481.

■ The substantial question raised by the appeal deals with the amount of the verdict. The defendant moved for a new trial on the ground that the influence of passion or prejudice induced the jury to award plaintiff excessive damages, and assigns error upon the adverse ruling of the trial court. Under SDC 33.1605, a new trial may be sought on the ground of excessive damages because (5) "* * * given

under the influence of passion or prejudice" or because of "(6) Insufficiency of the evidence to justify the veridct * * *." Gamble v. Keyes, 39 S. D. 592, 166 N. W. 134. The issue presented by defendant's motion was whether the allegedly excessive verdict was influenced by passion or prejudice. Davis v. Holy Terror Mining Co., 20 S. D. 399, 107 N. W. 374; Whaley v. Vidal, 27 S. D. 642, 132 N. W. 242. Very properly, the trial court is clothed with a latitude of discretion in dealing with this issue. As a participant in the original proceedings the trial court is best qualified to accurately judge the forces that shaped the verdict of the jury and can most readily sense the influence of passion and prejudice in an excessive verdict. For this reason, when such a verdict is set aside by a trial court, an appellate court is reluctant to disturb its ruling. For the same reason, a reviewing court should be equally cautious in dealing with a verdict the trial court has approved. The rule which controls our review was stated in Schuler v. City of Mobridge, 44 S. D. 488, 184 N. W. 281, 283, as follows: " 'The damages, therefore, must be so excessive as to strike mankind, at first blush, as being, beyond all measure, unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice or corruption.' " See Mudrick v. Market Street Ry. Co., 11 Cal.2d 724, 81 P.2d 950, 118 A. L. R. 533.

The difficulties which perplex an unprejudiced mind in resolving the issue under consideration are inherent in the subject matter. These difficulties stem from the absence of an accurate means of measuring the pecuniary damages actually suffered by others through the destruction of a particular life. The uncertainties which make room for broad differences of honest opinion between jurors in arriving at an approximation of the damages so suffered in a particular case, permit reasonable minds to honestly divide on the question of whether a verdict is in fact excessive and, if so, whether it is so extremely excessive as to justify the inference or conclusion that it is the product of corruption, passion or prejudice. Clearly, the difference between the award of the jury, and what the judges of this court, sitting as jurors, would have allowed is not the measure of the exces-

siveness of this verdict. In the absence of any other standard, we have turned to the adjudications of this and other courts to ascertain what other juries have allowed and courts have approved in similar circumstances. See Tufty v. Sioux Transit Company, supra; Knutsen v. Dilger, 62 S. D. 474, 253 N. W. 459; Bottum v. Kamen, 43 S. D. 498, 180 N. W. 948; Hodkinson ·v. Parker et al., 70 S. D. 272, 16 N. W.2d 924; and Annotations 149 A. L. R. 234; 48 A. L. R. 837; L. R. A. 1916C, 820; 25 C. J. S., Death, § 116, p. 1273.

We content ourselves with a statement of the conclusions induced by that survey. Although we are of the opinion that the jury was very liberal in estimating the pecuniary damages suffered by the beneficiaries, their award, judged by the standard to which we have adverted, is not so extremely excessive as to justify us in holding that the trial court erred in concluding they were uninfluenced by passion or prejudice. In arriving at this conclusion, we have not overlooked the argument of counsel that the unwarranted allowance· of interest is an indication of passion and prejudice. The record reveals the probability that a printed form which was supplied to the jury for use in preparing its verdict was responsible for its error in that respect.

The assignments include matters assigned and considered on the former appeal but not discussed in the above-cited opinion. We then concluded that those assignments did not require discussion. We continue to hold that opinion.

The judgment and order of the trial court are affirmed.

All the Judges concur.