STATE HIGHWAY COMMISSION, Appellant

v.

MILLER et al., Respondents

(155 N.W.2d 780)

(File No. 10421. Opinion filed January 23, 1968)

**Frank L. Farrar,** Atty. Gen., **Robert A. Amundson,** Sp. Asst. Atty. Gen., Pierre, for plaintiff and appellant.

**Morgan & Fuller, H. T. Fuller,** Mitchell, for defendants and respondents.

BIEGELMEIER, Judge.

This is an appeal by the State from a judgment entered on a jury verdict awarding compensation in a condemnation action. Due to construction of Interstate 90 in 1962 the State desired rights-of-way across lands of defendants. At that time Blanche Miller was the record owner of a 373.33 acre tract of land and Marion Miller, her son, was the record owner of a 160 acre tract about a half mile east. The State therefore commenced two separate actions. The trial court granted a motion to consolidate these actions and they were tried as one action. That the trial court erred in so doing is the first question presented by the assignments of error. It appears that in January 1958 Blanche Miller and her husband entered into a contract for deed to sell the 373.33 acre tract to Marion Miller on terms therein set out and possession of the land was given to the buyer. In State Highway Commission v. Fortune, 77 S.D. 302, 91 N.W.2d 675, 77 A.L.R.2d 533, the court held that physically separated parcels or tracts of land held in one ownership will be considered as contiguous and may constitute one parcel of land within the meaning of the condemnation statutes if the parts are devoted to a single use. Cf. State Highway Commission v. Olson, 81 S.D. 401, 136 N.W.2d 233. On this appeal the State makes no contention that unity of use of the two tracts does not exist. It does insist there is no sufficient unity of title or ownership and, in support thereof, quotes from the Fortune opinion as follows:

> "But this principle by which separate parcels of land are deemed contiguous because of a unified or common use is not applicable to lands owned by different parties. Since the measure of damages is the difference between the value of the property before the taking and its value after the taking, which includes a proper allowance for

severance, the damages to be awarded the separate owners must be determined separately."

It also cites SDC 1960 Supp. 28.13A09 which reads as follows:

"If the compensation for all the property taken or damaged is ascertained by the jury upon one trial, they shall ascertain and return in their verdict the compensation to be paid for each distinct lot or parcel of land or property taken or damaged."

Just what the title, estate or interest a vendee under a contract for deed may have in the real property has been discussed by the court in several opinions. In 1912 Dillman[1] termed it an "equitable estate" and a "present inheritable freehold estate". On the first appeal of Phillis v. Gross[2] it was said vendee "became the equitable owner of the property"; Reid v. Gorman[3] declared it settled law a vendee became possessed of an "equitable interest or estate in said land" and in the second appeal of Phillis v. Gross[4] the court deemed the "equitable owner" statement was incorrect and it should have been the vendee acquired an "equitable interest" in the property. Wyatt v. Meade County Bank[5] said part payment of the purchase price did not vest a "legal or equitable title" in the vendee but only an "equitable interest" in the real property. Pirrung v. Blankenburg[6] followed by saying the vendee acquired a "vested equitable estate" citing the first Phillis v. Gross opinion and Reid v. Gorman. Jordan v. O'Brien[7] held the "interest" vendee acquired was subject to levy and sale under execution. The most recent discussion appears in Renner v. Crisman, 1964, 80 S.D. 532, 127 N.W.2d 717, where the court wrote:

"The relationship between an installment vendor and his vendee is essentially that of secured creditor and debtor. The vendee for all practical purposes is the owner

---

1. State ex rel. Dillman v. Weide, 1912, 29 S.D. 109, 135 N.W. 696.
2. 32 S.D. 438, 143 N.W. 373 (1913).
3. 37 S.D. 314, 158 N.W. 780 (1916).
4. 39 S.D. 434, 164 N.W. 971 (1917).
5. 40 S.D. 111, 166 N.W. 423 (1918).
6. 57 S.D. 45, 230 N.W. 219 (1930).
7. 69 S.D. 230, 9 N.W.2d 146 (1943).

of the property, generally with the right of possession and use, and the vendor's sole remaining interest is to be paid the agreed consideration in the form and manner provided by the instrument used to secure payment thereof. The security device employed may curtail or broaden the scope of remedies available in case of default of payment, but the final interest of the seller is nothing other than the right to payment of whatever sums are still owed him on the sale of the property. The vendee's interest has been termed an equitable interest (citing Phillis v. Gross, supra,) or an equitable title. (Citing Minnesota and California opinions.)"

Wolfe v. Iowa Ry. & Light Co., 178 Iowa 1, 155 N.W. 324, determined a vendee in contract for deed was a proper party to a condemnation proceeding. After describing the relationship of the parties to the contract in terms similar to that stated in Renner v. Crisman, supra, the court said:

"In the case before us, it is not very material whether we call the Wolfes the equitable owners of the land or whether we characterize their interest by some other term. They did have a fixed and vested interest in the real estate * * *."[8]

In Pierce County v. King, 47 Wash.2d 328, 287 P.2d 316, the court wrote:

"We hold that, under the above statute (providing necessary parties in a condemnation proceeding), a vendee in possession under an executory contract is included within the meaning of terms, 'other person or party interested,' and is a necessary and proper party to condemnation proceedings."

Similarly in another condemnation proceeding Commonwealth, Dept. of Highways v. Devillez, Ky., 400 S.W.2d 520, con-

---

8. In Reid v. Gorman, supra, note 3, Judge Whiting for the court wrote much the same: "However, it makes very little difference whether we speak of this interest * * * as an equitable estate or an equitable title."

sidered the status of the vendees in a contract for deed and concluded they "had such an equitable and beneficial interest in this property as to be properly treated as the owners thereof." State v. Bradshaw Land & Livestock Co., 99 Mont. 95, 43 P.2d 674, appears to be in accord. See also 27 Am.Jur.2d Eminent Domain, §§ 248, 391.

■ ■ We hold the vendee in a valid, binding and good faith contract for deed not in default and who is in possession of the real estate has sufficient equitable interest and ownership in the land that requires he be made party to condemnation proceedings affecting it. When these actions also relate to takings from other tracts owned by him which satisfy the test of unity of use, and no objection is made by the vendor in the contract, it is proper for the court to consolidate the actions involving such tracts in one action. An objecting vendor might raise problems not now apparent such as the division of damages; however, as the vendor made no such objection and there is neither a controversy between them as to the division of, or who may be entitled to, the damages, the question is not before the court and we intimate no view with respect to it.[9] Of course, the reason that both vendor and vendee are made parties is so the judgment of taking binds both as in the case of mortgagor and mortgagee.

■ The trial court denied an application for a new trial made on the grounds the verdict was excessive. Plaintiff's assignment of error states, and the brief contends, it was the result of passion and prejudice and no logical reason could have been employed in arriving at what it asserts is an exorbitant result. This may indicate plaintiff's motion to be made under Rule 59(a) (5), South Dakota Rules of Civil Procedure, which authorizes granting a new trial for excessive damages given under the influence of passion or prejudice. Because that provision, Schuler v. City of Mobridge, 44 S.D. 488, 184 N.W. 281, and Tufty v. Sioux Transit Co., 70 S.D. 352, 17 N.W.2d 700, which plaintiff quotes, cast such a heavy burden on plaintiff

---

9. Wolfe v. Iowa Ry. & Light Co., supra, noted "The plaintiffs (purported owners) make no controversy between themselves."

and it is more appropriate to tort actions, we deal with the motion as made under Rule 59(a) (6), South Dakota Rules of Civil Procedure: "Insufficiency of the evidence to justify the verdict".

■ The State took a half mile strip of 17.82 acres from the quarter section home place which was part of the 373.33 acre tract and 17.96 acres from the east 160 acre tract, a total of 35.78 acres. Interstate 90 is a controlled access road which with the fences prevented plaintiff crossing from the home 160 acres where buildings and a well for water were located to the 53 acre tract adjoining it on the south. He formerly ran livestock in that field after harvest and could readily enter it with machinery lacking rubber tires, some of which he had. He would now be required to use rubber tired machinery on an oiled road and travel nearly three miles to get to the 53 acres, and it was almost useless to him for his former stock feeding as it had no water. There was evidence about 10 acres not taken was flooded by change of drainage in the road construction and Miller would have to cut down on his cattle feeding operations because of the loss of the acreage taken, the 10 acres flooded and the 53 acres on the other side of the highway. Several witnesses for Miller testified to the before and after value. See State Highway Commission v. Olson, supra. The verdict was within the range of these values though considerably higher, as is usual, than the evidence of plaintiff. Plaintiff's brief makes a computation of acres taken and the isolated 53 acres and then concludes the verdict should not exceed $11,000 in any event. However, this disregards severance damage to the 400 some acres remaining as it also does the testimony of Miller and his witnesses who were, as were the jurors, local people. We sense this to be part of plaintiff's complaint, as the brief refers to a "local jury panel which will render a locally influenced, excessive verdict." Neither that situation nor the fact the verdict may seem generous permits a reviewing court to interfere with the jury's verdict.[10]

---

10. In the opinion denying a new trial the trial judge stated he could not grant a new trial because he may have been more conservative than the jury. That in effect has been said by this court. City of Huron v. Jelgerhuis, 77 S.D. 600, 97 N.W.2d 314.

■■ The application for a new trial was addressed to the sound judicial discretion of the trial court and its ruling will not be disturbed in the absence of a showing of abuse of that discretion. Jensen v. Miller, 80 S.D. 384, 124 N.W.2d 394. It is reviewed in the same manner and under the same rules in a condemnation proceeding as in other cases generally. State Highway Commission v. Madsen, 80 S.D. 120, 119 N.W.2d 924. The trial court did not err in denying the application on the grounds stated. The judgment is affirmed.

All the Judges concur.