Edward V. OSTERKAMP, Plaintiff and Appellant,

v.

ALKOTA MANUFACTURING, INC., Defendant and Appellee.

No. 13758.

Supreme Court of South Dakota.

Argued Oct. 12, 1982.

Decided April 13, 1983.

Rehearing Denied May 12, 1983.

Carleton R. Hoy of Davenport, Evans, Hurwitz & Smith, Sioux Falls, for plaintiff and appellant; Sarah Richardson of Davenport, Evans, Hurwitz & Smith, Sioux Falls, on the brief.

C.E. Light of Light Law Offices Yankton, for defendant and appellee; Jerry Pollard of Light Law Offices Yankton, on the brief.

MORGAN, Justice.

Appellant, Edward Osterkamp (Employee), sued his former employer, appellee Alkota Manufacturing, Inc. (Employer), for wrongful discharge. After the jury rendered judgment for Employee, the trial court upon Employer's motion ordered a new trial. Employee appeals the granting of a new trial and we reverse and remand.

Employee, who for many years had been engaged in farming, began his employment with Employer as a welder on a part-time basis in February of 1968. Employer is a manufacturing company in Alcester, South Dakota, which makes high pressure washers and steam cleaners. In May 1969, Employee left farming, moved to Alcester and began working full-time for Employer. Employer promoted Employee twice and in 1977 Employee was a foreman for Employer. On January 16, 1981, in the process of a general work-force reduction, Employer laid off eleven other employees but offered Employee the option of leaving or being demoted. Employee agreed to the demotion and after a week vacation returned on Monday, January 26, 1981. On Wednesday, January 28, 1981, the General Manager called Employee into the office and summarily fired him for being "disloyal." During the subsequent eleven months Employee found only three weeks of temporary work. Finally, in December 1981 Employee obtained permanent employment with the City of Alcester. Employee brought this suit for wrongful discharge[1] and at trial received a judgment of $30,000.00. The trial court ordered a new trial and Employee appeals.

The trial court ordered the new trial pursuant to SDCL 15–6–59(a) which provides, in pertinent part:

A new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes:

.    .    .    .    .

(5) Excessive or inadequate damages appearing to have been given under the influence of passion or prejudice;

(6) Insufficiency of the evidence to justify the verdict or other decision or that it is against law[.]

The trial court's grounds for granting a new trial were that the verdict was not supported by the evidence and that the damages were excessive and substantially influenced by passion and prejudice.

■ In reviewing whether the evidence was sufficient to sustain the verdict, we note that "the trial court has broad discretionary power in granting a new trial on the ground of insufficiency of the evidence, and that such order will not be disturbed absent a clear showing of abuse of discretion." *Lewis v. Storms,* 290 N.W.2d 494, 497 (S.D.1980) citing to *Basin Elec. Power Coop. v. Gosch,* 90 S.D. 222, 240 N.W.2d 96 (1976); *Jensen v. Miller,* 80 S.D. 384, 124 N.W.2d 394 (1963); *Allen v. McLain,* 74 S.D. 646, 58 N.W.2d 232 (1953); *Western Surety Co. v. Boettcher,* 39 S.D. 541, 165 N.W. 381 (1917); *Drew v. Lawrence,* 37 S.D. 620, 159 N.W. 274 (1916). Employee brought this action for wrongful discharge alleging that Employer violated the rules, regulations and disciplinary procedures in Employer's Employees Handbook. The Employees Handbook, admitted as Exhibit 4 at trial, lists twenty-eight rules "necessary for the orderly operation of [Employer's] business." The handbook further states that "[v]iolations of the rules listed ... will result in disciplinary action ...."

■ In reviewing the reasons for discharge, we note that Employee testified at trial that the Employer's General Manager

1. Employee, who is fifty-one years of age, originally brought this action in two counts, the first alleging age discrimination and the second alleging wrongful discharge. The age discrimi-

nation count was struck from the complaint, since Employee had failed to exhaust his administrative remedies. 29 U.S.C. §§ 621–34; SDCL 20–13–10; SDCL ch. 60–12.

fired him for "disloyalty," as indicated on the termination form, Exhibit 3. Although the handbook enumerates twenty-eight rules as a basis for discipline, none of these rules relate to disloyalty. Employee's testimony also indicated that failing to work properly may have been the basis for discharge.[2] Assuming there was a basis for discharge on failing to work properly, the handbook rules clearly provide a procedure which was not followed. Alternatively, if the basis for discharge was "disloyalty," review of the record produces absolutely no evidence to support this basis for discharge. Clearly, no matter which alternative basis the trial court considered, the Employer failed to rebut the Employee's evidence of wrongful discharge.

We note the trial court instructed the jury:

[T]hat the reason for Plaintiff's discharge is not material to the resolution of the issue in this case. The only issue to be resolved by you is whether or not Plaintiff's discharge from his employment was in violation of Defendant's own rules and regulations, and if so, whether or not Plaintiff sustained any damages thereby.

In view of the court's instruction, the reason for discharge was removed from the jurors' consideration. The only consideration was whether Employer followed the discipline procedure outlined in the handbook.

Under the section titled "Disciplinary Action," the handbook states: "The Company will not discharge nor give disciplinary lay-off to any employee without just cause. The Company affirms and endorses the theory and practice of 'corrective discipline'." As a procedure for "corrective discipline," the Employer provides in the handbook the following detailed procedure:

An employee warning notice will be used for violations of work rules and regulations.

1. FIRST NOTICE—will be a warning.
2. SECOND NOTICE—will result in a 1 (one) day suspension.
3. THIRD NOTICE—will result in a 1 (one) week suspension.
4. FOURTH NOTICE—will result in discharge.

Violations will be kept in the individual personnel file permanently [sic]. All violations over one year old will be disregarded for discharge purposes.

Employee testified that Employer had not given him any prior indication that his work was unsatisfactory or that discipline procedures were contemplated. Although the General Manager who fired Employee did not testify,[3] the Plant Superintendant who was present at the time of Employee's termination testified at trial. Plant Superintendent testified that while he was aware that Employee was terminated for disloyalty, he defended Employee at the time of termination. Moreover, Plant Superintendent testified that while the rules and regulations for disciplinary procedure were in full force and effect at the time of Employee's termination, none of those rules were followed in this instance. Since the record clearly indicates that the procedure for disciplinary action was not utilized, we hold that the evidence is sufficient to support the verdict for Employee and the trial court clearly abused its discretion in granting a new trial on that ground.

█  The trial court's second basis for granting a new trial is that excessive damages were given under the influence of passion or prejudice. Ordinarily, the test to determine whether excessive damages were given in violation of rule SDCL 15–6–59(a)(5) is:

"The damages, therefore, must be so excessive as to strike mankind, at first

2. Employee further testified that at the time of his discharge he asked specifically why he was being terminated. Employee testified the General Manager replied "Well, you haven't been doing any work back there." After further questioning by Employee, the General Manager simply wrote "disloyalty" on the discharge slip.

We note, however, that Employer did not introduce evidence at trial to substantiate Employee's alleged disloyalty.

3. The record shows that Employer had terminated employment of the General Manager prior to this trial.

blush, as being, beyond all measure, unreasonable and outrageous, and such as manifestly show the jury to have been actuated by passion, partiality, prejudice or corruption. In short, the damages must be flagrantly outrageous and extravagant, or the court cannot undertake to draw the line; for they have no standard by which to ascertain the excess." *Schuler v. City of Mobridge*, 44 S.D. 488, 493, 184 N.W. 281, 283 (1921). That is the applicable rule in tort actions. We have, however, distinguished that rule in other types of actions.

In *State Highway Commission v. Miller*, 83 S.D. 124, 155 N.W.2d 780 (1968), a condemnation proceeding, this court stated:

[P]laintiff's motion [was] made under Rule 59(a)(5), South Dakota Rules of Civil Procedure, which authorizes granting a new trial for excessive damages given under the influence of passion or prejudice. Because that provision ... cast such a heavy burden on plaintiff and it is more appropriate to tort actions, we deal with the motion as made under Rule 59(a)(6), South Dakota Rules of Civil Procedure: "Insufficiency of the evidence to justify the verdict".

83 S.D. at 129–30, 155 N.W.2d at 783 (citations omitted). In subsequent condemnation proceedings, this court applied this same standard to appeals from denial of motion for a new trial based upon excessive damages. *See Neb. Elec. Generation & Trans. Co-op. v. Walkling*, 90 S.D. 253, 241 N.W.2d 150 (1976).

Noting the distinction between contract and tort on this issue, 66 C.J.S. *New Trial* § 76(b) (1950) states:

In actions for breach of contract, or for injury to, or detention of, property, where there is a definite measure of damages, new trials will be more readily granted on the ground of excessive recovery.... A new trial will be denied, however, in action for breach of contract where the recovery is not shown to be so excessive as to be unsupported by the evidence .... (footnotes omitted)

In comparison, C.J.S. continues "[t]he general rule ... that a new trial will not be granted unless the verdict is manifestly or flagrantly excessive ... has been specifically applied in actions in which there is no definite or legal measure of damages, as is especially the case in most actions sounding in tort ...." *Id.* (footnote omitted).

The measure of damages for a breach of contract can be found in SDCL 21–2–1 which states, in pertinent part, "No damages can be recovered for a breach of contract which are not clearly ascertainable in both their nature and their origin." Here, Osterkamp is suing for breach of an employment contract. Specifically addressing the breach of an employment contract, one court has stated:

[W]here the amount of salary is fixed by an employment contract, a wrongfully discharged employee's damages are measured by the salary promised under the contract. If he remains unavoidably idle, the loss of the promised salary is fully recoverable without reduction. Conversely, if [he] becomes employed in other employment similar in character and in the same locality, the loss of the promised salary is reduced by the earnings from such employment.

*Soules v. Independent Sch. Dist. No. 518*, 258 N.W.2d 103, 106 (Minn.1977). *See Kitchen v. Stockman National Life Insurance Co.*, 192 N.W.2d 796 (Iowa 1971); *Isagholian v. Carnegie Institute of Detroit, Inc.*, 51 Mich.App. 220, 214 N.W.2d 864 (1974); *Henderson v. Joplin*, 191 Neb. 827, 217 N.W.2d 920 (1974); 66 A.L.R.3d 1130. The jury in the case before us was given this rule to determine damages in Jury Instruction 14. That instruction states, in pertinent part:

[T]he measure of damages is the unpaid wages due under the employment contract. But if the Plaintiff has been able to secure other employment, then the measure of damages is the difference between the wages agreed to be paid and the wages received under the new employment.

Since this is an action in contract, there is a definite measure of damages. The standard of *Schuler v. City of Mobridge, supra,*

is appropriate for actions in which there is no definite measure of damages. Accordingly, the *Schuler* standard should not be applied in the present case to determine if a new trial is warranted due to excessive damages.

The standard appropriate for the present case is that a new trial will be granted in an action for breach of contract where the evidence is shown clearly insufficient to support the verdict. *See* SDCL 15–6–59(a)(6); *State Highway Commission v. Miller, supra;* 66 C.J.S. *New Trial* § 76(b) (1950).

The employer failed to offer any evidence of its own as to determining damages.[4] In comparison, Employee presented evidence as to his salary paid by Employer, the lost income for the eleven months following his discharge, his present salary, the difference between his present salary and the salary paid by Employer, and the length of his work life expectancy.

In reviewing the amount of damages, the undisputed testimony before the jury was that Employee left the occupation of farming and moved to Alcester in order to work full-time for Employer. At the time of his dismissal, Employee was working full-time, earning approximately $13,000.00 per year. During the eleven months following his dismissal, Employee, who was fifty-one years of age, was able to obtain only three weeks of work, earning approximately a total of $480.00. Finally, after almost one year of being unemployed, Employee obtained permanent employment at approximately $10,-500.00 per year. The difference between his present salary and the salary paid by Employer is approximately $2,500.00 per year. Employee has a work life expectancy of fourteen years.[5]

In light of the record before us, the evidence is not clearly insufficient to support the verdict for Employee. These damages are clearly supported by sufficient evidence. Considering the evidence, the testimony, and the instructions presented to the jury, the judgment was within reason and the trial court clearly abused its discretion in granting a new trial.

We reverse the order granting a new trial and remand for reinstatement of the verdict and judgment for Employee.

All the Justices concur.

---

4. We note that Employer did propose jury instructions on this point. Since the proposed jury instructions related to the length of time for an employment contract, the instructions may have resulted in an award of lesser damages. Employer's proposed jury instructions, however, did not comply with SDCL 15–6–51(a) and were refused by the trial court for that reason. These proposed instructions and their refusal are not before this court on appeal because Employer did not file a notice of review.

5. The record establishes that Employee expected to work until age sixty-five and Employer did not offer any evidence to indicate that Employee could not or would not work until that time.