Michael Gene LESMEISTER, Appellee,

v.

AMERICAN COLLOID COMPANY, Appellant.

Michael Gene LESMEISTER, Appellant,

v.

AMERICAN COLLOID COMPANY, Appellee.

Nos. 92–3377, 92–3586.

United States Court of Appeals, Eighth Circuit.

Submitted June 17, 1993.

Decided Sept. 9, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Nov. 16, 1993.

Mark F. Marshall, Rapid City, SD, argued (Thomas H. Simmons, on the brief), for appellant.

Kenneth E. Barker, Belle Fourche, SD, argued, for appellee.

Before McMILLIAN, FAGG, and HANSEN, Circuit Judges.

PER CURIAM.

Michael Gene Lesmeister brought a wrongful termination action against American Colloid Company asserting American Colloid terminated him without cause in violation of his employment agreement. Ameri-

can Colloid appeals a jury verdict in Lesmeister's favor. Lesmeister cross-appeals the district court's refusal to submit all of his claimed damages to the jury. We affirm.

In May 1984, American Colloid hired Lesmeister as an accountant in one of its South Dakota offices. The parties agree that when Lesmeister was hired, he was terminable at will under South Dakota law. *See* S.D.Codified Laws Ann. § 60-4-4 (1978); *Stedillie v. American Colloid Co.*, 967 F.2d 274, 276 (8th Cir.1992). American Colloid experienced economic hardships over the next few years and was forced to layoff a large part of its work force. Following an economic upturn, American Colloid sought to ease tension and improve morale among the remaining employees. On February 5, 1988, the president of the company sent Lesmeister and all other employees a personal letter explaining a change in the company's termination policy. The letter stated:

> There is an important change in the way we wish to deal with people that I would like to share with you.
>
> As a company, we are dedicated to the objective of job stability. We, as management, will do all we can to keep business levels high enough to eliminate any need for a layoff, and during slow times we will try to minimiz[e] job losses. This does not mean that firings for good reason, such as poor performance or unsafe work, will not occur.
>
> ... Effective immediately with respect to current employees, every effort will be made to avoid layoffs. While in some circumstances layoffs may be inevitable, they will only be utilized when all other possibilities have been considered.... All managers will have to demonstrate to me that a layoff is the only practical solution. I want our employees to know that layoffs are not the first solution, but the last.

A short time after the president's letter was sent, Lesmeister's accounting position was eliminated. Rather than terminating Lesmeister, American Colloid transferred Lesmeister to a newly acquired office under the new policy announced in the letter. Nevertheless, American Colloid terminated Lesmeister a few months later. Lesmeister then brought this wrongful termination action against American Colloid, contending the letter created an employment contract that allowed termination only for just cause. American Colloid moved for summary judgment, asserting it did not intend to alter Lesmeister's employee-at-will status by sending the letter. Concluding the letter was ambiguous, the district court denied American Colloid's summary judgment motion and the case went to trial. At the close of the evidence, the district court denied American Colloid's motion for judgment as a matter of law (JAML) and submitted the case to the jury. The jury found the letter's language changed Lesmeister's status from an at-will employee to an employee who could only be terminated for cause. The jury also found American Colloid terminated Lesmeister without just cause, and awarded damages to Lesmeister.

■ The South Dakota Supreme Court has recognized "a narrow, contract-based exception to the employment at will doctrine ... [when] an employer specifically agrees ... to discharge employees, 'for cause only.'" *Butterfield v. Citibank*, 437 N.W.2d 857, 859 (S.D.1989) (citing *Osterkamp v. Alkota Mfg.*, 332 N.W.2d 275 (S.D.1983)); *see also The Evolving Boundaries of the At–Will Employment Doctrine in South Dakota*, 38 S.D.L.Rev. 273 (1993). In *Butterfield*, the court explained an employer's language creates a "for cause only" termination agreement if the "language indicat[es] a clear intention on the employer's part to surrender its statutory power to terminate its employees at will." *Id.* Termination language using terms comparable to for cause only manifests this intent. *Id.; see, e.g., Osterkamp*, 332 N.W.2d at 277 (without just cause). Based on these reasoned principles, we believe the South Dakota Supreme Court would hold that an employer's letter promising to terminate employees "for good reason" creates a termination for cause employment agreement under the exception.

■ American Colloid does not dispute that the letter became a component of Lesmeister's employment agreement, but contends the letter did not create an agreement

to terminate for cause only. Pointing to the district court's decision the letter was ambiguous, American Colloid argues that as a matter of law, the letter does not manifest a clear intent to surrender American Colloid's statutory power to terminate Lesmeister at will. Thus, American Colloid contends the question of whether the letter changed Lesmeister's employment terms should not have been submitted to the jury. In response, Lesmeister argues the district court's decision the letter was ambiguous meant the letter's language was reasonably susceptible of Lesmeister's interpretation, and resolution of the ambiguity was a question of fact for the jury. *Butterfield,* 437 N.W.2d at 858.

Under South Dakota law, we are "free to review a contract in the first instance and to make [our] own determination concerning ambiguity." *Id.* Unlike the district court, we conclude the letter is not ambiguous. After carefully examining the letter's language, we believe American Colloid clearly intended to surrender its statutory power to terminate employees at will. Against the backdrop of numerous recent layoffs, the letter announced an "important change" in American Colloid's termination policy. To convince its employees it was "dedicated to the objective of job stability," American Colloid promised to minimize layoffs and job losses during business fluctuations. Nevertheless, American Colloid made unmistakably clear "firings" would occur "for good reason." Having chosen words that mean the same as "for cause only," American Colloid's letter clearly fits into the exception to the at-will doctrine recognized in *Osterkamp* and *Butterfield. See Butterfield,* 437 N.W.2d at 859. Because American Colloid unambiguously surrendered its statutory power to terminate its employees at will and American Colloid does not appeal the jury's finding that Lesmeister was terminated without just cause, we affirm the judgment for Lesmeister.

■ On cross appeal, Lesmeister contends the district court should have submitted his expenses in commuting to a new job to the jury. Assuming commuting expenses are a legitimate item of damage under South Dakota law, *see, e.g., Renny v. Port Huron Hosp.,* 398 N.W.2d 327, 339 (Mich.1986), Lesmeister fails to request specific relief for the district court's alleged error, *see* Fed. R.App.P. 28(a)(6); *Bullwinkel v. United States Dep't of Transp.,* 787 F.2d 254, 256 (7th Cir.1986); *see also Lucas v. Lucas,* 946 F.2d 1318, 1328 (8th Cir.1991) (party should state with accuracy the grounds for relief and specify "the precise relief sought"). Although Lesmeister argues the district court's position "punish[ed] him for the effort he made to mitigate his damages," Lesmeister's briefs do not discuss whether the case should be remanded for a retrial on liability, damages, or both. In sum, we believe Lesmeister wants to grumble about the district court's ruling without risking the jury's $30,899 damages award. We thus reject Lesmeister's half-hearted contention on cross appeal.

Accordingly, we affirm.