# BELLE FOURCHE VALLEY RY. v. BELLE FOURCHE LAND & CATTLE CO.

Defendant in condemnation may appeal from the part of the judgment fixing the amount of his damages, without appealing from the part awarding him costs, as his right to such costs could not be lost by his succeeding on the appeal.

Assignments of error, merely stating the questions asked witnesses, and then the grounds of objection thereto, which were sustained, and were general, such as "immaterial," "remote," and "speculative," are sufficient.

As touching,. on the question of compensation, value of land taken by condemnation, which is its market value for any and all uses to which it might be put, in view and in light of present business conditions, and those which might be reasonably expected in the immediate future, the fitness of the land for apple raising may be shown, though no ·orchard has been planted, and though a large outlay is necessary in the preparation of an orchard.

Objections that questions to fitness of land for apple raising, call for bald opinions of the witnesses, and that the witnesses are not qualified to answer, not being interposed, are waived.

(Opinion filed, November 14, 1911.)

Appeal from Circuit Court, Butte County. Hon. W. G. RICE, Judge.

Action by the Belle Fourche Valley Railway against the Belle Fourche Land & Cattle Company. From part of the judgment and from the order denying a motion for new trial, defendant appeals. Reversed.

*Kellar & Stanley,* for appellant.

In estimating the value of land in condemnation proceedings all the capabilities of the property and all the uses to which it may be applied or for which it is adapted are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner. Lewis Eminent Domain, vol. 2, 3rd ed., sec. 706 (2d ed., sec. 478); Chicago, M. & St. P. Ry. Co. v. Mason, 23 S. D. 564. It is proper to show that the property is suitable for division into village lots and that it is valuable for that purpose. Lewis Eminent Domain, vol. 2, 3rd ed., sec. 707 (2d ed., sec. 479); Chicago Railway v. Davidson, 31 Pac. 131; Wilson v. Gas Co., 25 Atl. 635; Petersburg School District v.

Peterson, 103 N. W. 756; Montana Railway Co. v. Warren, 12 Pac. 641; Northern Pacific Co. v. Forbis, 39 Pac. 571; Sherman v. St. Paul Ry. Co., 15 N. W. 239.

*A. K. Gardner,* for respondent.

. Defendant not having appealed from the judgment for costs herein, thereby concedes its validity and correctness and accepts benefits under the judgment herein, precluding it from repudiating that part of the judgment which is unsatisfactory to it, and it cannot maintain this appeal. Male v. Harlan, 12 S. D. 627; Mc-Grew v. Kitch, 41 N. E. 1027; McKinnon v. Wolfenden, 47 N. W. 436; Bennett v. Van Syckel, 18 N. Y. 481; Fidelity Deposit Co. v. Kepley, 71 Pac. 818. Witnesses should not be allowed to give their opinions as to the value of property for a particular purpose, but should state its market value in view of any purpose to which it is adapted." Lewis on Eminent Domain, 3d ed., sec. 707. It is not proper to prove the value of property sought to be taken for any particular purpose, but that the value which the owner is entitled to recover is the market value. Sacramento R. Co. v. Heilbron, 104 Pac. 979; City of Los Angeles v. Kerchhoff, 115 Pac. 654; C., B. & Q. R. Co. v. Reisch, 93 N. E. 383; Tri-State Telephone & Telegraph Co. v. Cosgriff, 124 N. W. 75; Everett v. Union Pac. R. Co., 13 N. W. 109; C., M. & St. P. R. Co. v. Alexander, 91 Pac. 626; Casaway v. Ballin, 106 Pac. 903; Sexton v. Union Stock Yards, 65 N. E. 638.

WHITING, J. This action was the statutory proceeding, brought by plaintiff, to condemn a right of way over and across the lands of defendant. A trial was had, verdict returned fixing the amount of damages to which defendant was entitled, and judgment for that amount, together with judgment for costs, entered in favor of defendant. Defendant moved for a new trial, which motion being denied it appealed from the order denying a new trial, and from that part of the judgment fixing the amount of damages it should recover, but it did not appeal from the judgment for costs.

The only errors assigned by the appellant relate to certain rulings of the trial court upon evidence offered by said appellant.

[1] Respondent contends that this appeal should be dismissed, for the reason that appellant has not appealed from the whole judgment; that by accepting benefits under the judgment it thereby concedes its validity, and is precluded from repudiating that part of the judgment which is unsatisfactory to it. That, in a proper case, one can appeal from a part of a judgment is the settled law of this state. Male v. Harlan, 12 S. D. 627, 82 N. W. 179. Respondent has cited Male v. Harlan in support of its contention, but a most casual reading of the opinion in said case will show that it has no application to the facts of this case. There is no question but what the general rule is that a person cannot at the same time take a benefit from a judgment and also appeal therefrom, but that there are exceptions to such rule is thoroughly established; one exception being where the party appealing would be entitled to all the benefits of the part not appealed from, regardless of the outcome of the appeal. 2 Cyc. 653. This case comes directly under this exception; no matter what might be the outcome of the appeal herein, it cannot affect appellant's right to recover the costs taxed and included in the judgment. It would of course be different if, in case a new trial were granted, upon a retrial it could possibly occur that appellant would lose his right to recover costs of the former trial, but this could not occur in an action of this nature.

Sustaining what we have said, and also furnishing another illustration of the exception to the general rule, we quote the following from Tyler v. Shea, 4 N. D. 377, 61 N. W. 468, 50 Am. St. Rep. 660: "We must be careful not to ignore an important qualification of the general doctrine. Where the reversal of the judgment cannot possibly affect the appellant's right to the benefit he has secured under the judgment, then an appeal may be taken, and will be sustained, despite the fact that the appellant has sought and secured such benefit. To illustrate this doctrine, we may instance the case of an action to recover $1,000, in which the only defense is a counterclaim for $500. It is obvious that $500 of plaintiff's claim is admitted. If the defendant succeeds in establishing his counterclaim, thus reducing plaintiff's recovery to $500,

the plaintiff may collect the $500 awarded him by the judgment, and still appeal from such judgment to secure a reversal, to the end that he may defeat the counterclaim and recover judgment for his entire demand on a new trial. The $500 he is entitled to absolutely. The reversal of the judgment and the second trial of the case cannot impair his right to it. Accepting this sum is therefore not inconsistent with his attempt to reverse the judgment, that he may on a new trial recover more. He can never recover less. It is the possibility that his appeal may lead to a result showing that he was not entitled to what he has received under the judgment appealed from that defeats his right to appeal. Where there is no such possibility, the right to appeal is unimpaired by the acceptance of benefits under the judgment appealed from. The following decisions enforce this doctrine: Reynes v. Dumont, 130 U. S. 354-394, 9 Sup. Ct. 486; Embry v. Palmer, 107 U. S. 3 [2 Sup. Ct. 25]; Higbie v. Westlake, 14 N. Y. 281; Mellen v. Mellen, 137 N. Y. 606 [33 N. E. 545]; Cocks v. Haviland, 7 N. Y. Supp. 870; Portland Construction Co. v. O'Neil, 24 Or. 54 [32 Pac. 764]; Morriss v. Garland, 78 Va. 215; Upton Mfg. Co. v. Huiske, 69 Iowa, 557 [29 N. W. 621]; Dudman v. Earl, 49 Iowa, 37. The case of United States v. Dashiel, 3 Wall. 688 [18 L. Ed. 268], belongs to this class." See, also, Mountain v. Low et al., 107 Iowa, 403, 78 N. W. 55, and Fiedler v. Howard, 99 Wis. 388, 75 N. W. 163, 67 Am. St. Rep. 865. In this last case the court said: 'The learned justice, however, recognizes the distinction which we wish to emphasize, and that is that, where a party is entitled to a certain sum of money absolutely under a judgment, he is not, by accepting that money, precluded from prosecuting an appeal which does not involve a reversal of that part of the judgment or decree under which he takes the money. This we believe is the true rule, and in accordance with correct ideas of the law. The effort of the courts is to prevent parties assuming inconsistent positions, and 'blowing hot and cold' in the same breath."

[2] Respondent next insists that the assignments of error were insufficient to present to this court the alleged errors relied upon by appellant. Upon the trial appellant asked of various wit-

nesses numerous questions for the evident purpose of proving that the lands taken by the right of way were suitable for and adapted to the raising of apples, and also questions for the purpose of proving that a portion of the lands crossed by the right of way had an increased value, in view of the fact that they were so located that they would, sooner or later, be platted and sold as town lots. The assignment, in each case, after stating the question that was asked, states the ground of objection that was interposed by respondent, and which was sustained. We think this sufficient. The objections were general, such as "immaterial," "remote," "speculative." Certainly it is not incumbent upon appellant, in its assignments, to anticipate any claim, upon the part of the respondent, that the objections were properly sustained for reasons not given in the objections; and for the appellant to state, in each assignment, why the answer called for by the question would not be "immaterial," "remote," or "speculative," would be to require it to make of each assignment a written argument. Each assignment clearly points out the error complained of.

[3, 4] Coming now to the merits of the appeal: Was appellant entitled to show, as touching the value of its land taken and injured, that the land had a speculative value owing to its proximity to a growing town, and also to show that said lands were suitable for use as apple orchards?

Inasmuch as respondent claims that the question of value, dependent upon prospective use as town property, was in fact fairly before the jury, we will consider only appellant's right to show the fitness of the land for apple raising. No restriction seemed to have been placed upon showing fitness of the lands for raising of vegetables, grains, and alfalfa, and we are at a loss to understand the learned trial court's rulings, excluding evidence of the fitness of land for apple raising. Respondent concedes the correctness of the rule laid 'down by this court in C., M. & St. P. R. Co. v. Mason, 23 S. D. 564, 122 N. W. 601, wherein it was held that the question to be determined is the market value of the land "for any and all uses to which the land might be put, in view and in light of present business conditions, and those which might be reason-

ably expected in the immediate future"; but respondent contends that the land "has no special value for fruit purposes in the immediate future, as this contemplates a permanent improvement which does not exist, to-wit, the planting and rearing of an orchard," and it says, "There was no orchard planted or growing on the land." As well claim that one could not show that a particular piece of land was adapted to the raising of wheat, barley, corn, or alfalfa, because, perchance, that particular piece was yet virgin prairie or forest land. Respondent also urges the fact that a large outlay is necessary in the preparation of an orchard. While this is true and necessarily must be considered in arriving at value of any land that might be suitable for orchard purposes, yet it does not forbid one from taking into consideration its fitness for orchard purposes, as well as other purposes, when called upon to fix the market value of the land. All questions of expense in preparing land for trees and setting out trees were matters for the jurors' consideration, if properly brought before them. If the expense would be, as respondent intimates, so great that the landowner never would be repaid therefor, proof of this fact would have been all that was necessary to offset the evidence offered by appellant. Respondent contends that the questions were objectionable for other reasons: That they called for the bald opinions of the witnesses. No objection was interposed, raising the question of the qualification of the witnesses to answer the questions asked, so there is no merit in this contention. Respondent quotes from Lewis on Eminent Domain, vol. 2 (3d Ed.) p. 1238: "The conclusion from the authorities, and reason of the matter, seems to be that witnesses should *not* be allowed to give their opinions as to the value of property for a particular purpose, but should state its market value in view of any purpose, but to which it is adapted;" but respondent failed to quote the remainder of the paragraph from which the above is quoted, and which reads: "The condition of the property and all its surroundings may be shown, and if such peculiar adaptation adds to its value the owner is entitled to the benefit of it. But, when all the facts and circumstances have been shown, the question at last is, What is it worth in the market?" Tested by the above rules, appellant

was certainly entitled to have questions, such as the following, answered: "I will now ask you if this bench land * * * is suitable for raising apples and orchard? Is any part of it suitable for apples, for an orchard? I will ask you if you know of apples growing in this vicinity on lands of similar character?"

The judgment and order denying a new trial are reversed.