NEBRASKA ELECTRIC GENERATION & TRANSMISSION COOP., INC., Appellant v. TINANT, et al., Respondents

(241 N.W.2d 134)

(File No. 11500. Opinion filed March 25, 1976)

Order denying petition for rehearing May 20, 1976

**J. W. Grieves**, Winner, for plaintiff and appellant.

**Johnson, Johnson & Eklund**, Gregory, for defendants and respondents.

COLER, Justice.

Nebraska Electric Generation & Transmission Cooperative, Inc., hereinafter referred to as Nebraska Electric, brought separate actions in condemnation against Robert and Geraldine Tinant, husband and wife, and Charles and Mable Tinant, husband and wife, and the actions were consolidated for trial.

The power line easement, 100 ft. in width, diagonally crosses five different quarter sections of respondents' lands located in three different sections and was acquired for the purposes of the construction of H-frame structures for a 115 KV electric transmission line. The right-of-way amounted to, for the purposes of the taking, 17.84 acres and would accommodate nine 2-pole structures and one 3-pole structure. The jury awarded damages of $35,000 and Nebraska Electric has appealed. We reverse.

Appellant's arguments are essentially that (1) erroneous instructions were given relative to the damages to the ranch unit, (2) excessive damages appeared to have been given under the influence of passion or prejudice and on the grounds that there was insufficient evidence to sustain the jury verdict and (3) certain evidence was improperly admitted.

The testimony of respondents indicates that they, as father and son, owned approximately 3,000 acres in Todd County, South Dakota, and treated only 1800 of those acres, being the home place, as a unit affected by the taking beyond the 17.84 acres encompassed within the 100 ft. easement.

■ Although the issue was not raised by the parties by reason of a stipulation which consolidated the cases for trial, the question arises as to the propriety of an award in a lump sum to separate owners. The lack of unity of ownership in a father-son ranch operation with properties being separately owned by them, even though based on a stipulation, was determined to be improper in State Highway Commission v. Fortune, 1958, 77 S.D. 302, 91 N.W.2d 675. In this case, as in State Highway Commission v. Fortune, supra, the record refers only to the entire unit without regard to the separate ownership by the father or the

son[1] and there is nothing in the record as to whether property noncontiguous to that affected by the immediate taking was determined to be a part of the ranch unit of 1800 acres. State Highway Commission v. Bloom, 1958, 77 S.D. 452, 93 N.W.2d 572; State Highway Commission v. Olson, 1965, 81 S.D. 401, 136 N.W.2d 233.

■Instruction No. 7[2] taken in essence from the South Dakota Pattern Jury Instructions (Civil) 141.05 having treated the ownership as joint, without proof and contrary to the plain import of the separate actions commenced, causes us to remand for either separate trials or separate verdicts as it is in the province of the jury, not the parties, to determine the damage occasioned by the separate owners. South Dakota Constitution Article VI, § 13; SDCL 21-35-18; State Highway Commission v. Fortune, supra.

Appellants claim that, although they did not object to Instruction No. 7, the instruction was contrary to the decision of this court in Basin Electric Power Cooperative, Inc. v. Cutler,

---

1. On the record before the jury and the trial court there is no evidence of the contractual relationship between the father and son which can give rise to our consideration of the issue of sufficiency of the evidence of unity of ownership to warrant treatment of the ranch here involved as a unit. See Nebraska Electric Generation & Transmission Cooperative, Inc. v. Markus, 90 S.D. 238, 241 N.W.2d 142.

2.                           "7

"It is established that the land being taken from these defendants by the plaintiff is a portion and a part of a larger tract of land belonging to these defendants, and consisting of 1800 acres more or less.

"When a portion of a tract of land is taken under condemnation proceedings, as here, just compensation due the landowner is that amount which is equal to the difference between the fair market value of the entire property immediately before the taking, and the fair market value of that part remaining immediately after the taking. In determining the amount of just compensation which you will award to the landowners in this case, you will consider the value of the property taken, and also the depreciation in value, if any you shall find, of the part remaining after the taking. Under the law, this latter element or item of just compensation is called severance, and it means the diminution in value of land which remains after a part of the land is taken, and which diminution in value is a result of the taking. You will find and award to the landowner one sum which will represent the entire difference in value between the entire property before the taking, and the value of the remainder after the taking, even though separate and various items or elements enter into your deliberations in arriving at that sum."

S.D. 214, 217 N.W.2d 798, handed down by this court on May 8, 1974, nearly three months after the jury had returned a verdict in this case. Appellants argue that Basin Electric Power Cooperative, Inc. v. Cutler, supra, negates the unit rule of severance and substitutes a 160-acre unit rule as it relates to electrical highline easements. We do not so construe that decision. While we acknowledged the concept of severance damages therein by quoting from State Highway Commission v. Hayes Estate, 1966, 82 S.D. 27, 140 N.W.2d 680, this court did not declare that "severance damages" which more appropriately should have been identified as "consequential" or "incidental" damages, see State Highway Commission v. Bloom, supra, either may or may not be occasioned by such a taking but only held that "If the jury is to be allowed to make a determination of severance damage to the entire unit there must be evidence of damage to the entire unit." The evidence presented in that case referred to "damage to the immediate area of the easement." There was "no evidence of a carry-over to the entire ranch unit." 217 N.W.2d at 801.

The court decisions annotated at South Dakota Pattern Jury Instructions (Civil) 141.05, which is the basis for the instruction, as well as the numerous decisions cited in Basin Electric Power Cooperative, Inc. v. Cutler, supra, have clearly established the unit rule of severance damages where a fee is taken and the condemned lands are ultimately fenced off to prevent livestock encroachment on the ribbons of steel, concrete or asphalt or unfordable waters which fill an irrigation canal. Railway Company v. Mason, 1909, 23 S.D. 564, 122 N.W. 601; Railway Co. v. Land & Cattle Co., 1911, 28 S.D. 289, 133 N.W. 261; State Highway Commission v. Ullman, 1974, 88 S.D. 492, 221 N.W.2d 478; Basin Electric Power Cooperative, Inc. v. Cutler, supra.

We have not been called upon to determine whether the same rule applies to a highline easement which is perpetual in nature but does not take fee title and the utility does not fence off the right-of-way so as to truly sever one part of the property from another.

In the petition for condemnation, appellant prayed "That the interest in the land be condemned and title be vested in the

plaintiff" and that was the easement granted by the court. As to whether this amounts to vesting of a fee, we agree with other jurisdictions that "the taking of an easement in that part of the strip which is not physically occupied by poles and towers is deemed tantamount to the taking of a fee." 5 Nichols on The Law of Eminent Domain, § 16.103[1].

■ While there is no severance by an electrical highline, in the sense that there is no actual division of a parcel of land, thus making the instruction given inappropriate, yet consequential damages may flow from such an interference with a farm or ranch unit which occasions damages by reason of the taking.

■ As this court intimated in Basin Electric Power Cooperative, Inc. v. Cutler, supra, and as is apparent from the decisions of numerous courts that have considered consequential damages in highline cases, including those cited both in the briefs and in oral argument of appellant and respondents[3] it is manifest that:

> "Where telegraph, telephone or power lines are constructed over private lands, and such lands are subjected to an exercise of the power of eminent domain for such purpose, the question of damages has not received uniform treatment. Generally, the owner is entitled to payment of the fair market value of the land actually occupied by the poles or towers, plus the diminution in value of the balance of the right of way taken, together with the depreciation in value of the remainder of the tract." 5 Nichols on The Law of Eminent Domain, § 16.103[1]; 27 Am.Jur.2d, Eminent Domain, § 344.
> " * * * The elements of damage [to the remainder] must

---

3. Cases cited and reviewed in neighboring states of Iowa and Nebraska, included Booras v. Iowa State Highway Commission, 1973, 207 N.W.2d 566; Sonntag v. Iowa Public Service Company, 1970, 180 N.W.2d 124; Stortenbecker v. Iowa Power & Light Company, 1959, 250 Iowa 1073, 96 N.W.2d 468; Johnson v. Nebraska Public Power District, 1971, 187 Neb. 421, 191 N.W.2d 594; Regier v. Nebraska Public Power District, 1972, 189 Neb. 56, 199 N.W.2d 742. We do not find these decisions inconsistent with our holding in Basin Electric Power Cooperative, Inc. v. Cutler, 1974, 88 S.D. 214, 217 N.W.2d 798, nor with the general rule stated in 5 Nichols on The Law of Eminent Domain, § 16.103[1] and [2].

not be remote, speculative or uncertain; they must be direct and proximate, and not such as are merely possible." 5 Nichols on The Law of Eminent Domain, § 16.103[2].

The facts in the present case are clearly distinguishable from the facts in Basin Electric Power Cooperative, Inc. v. Cutler, supra, where the land over which the easement was taken was a part of a cow-calf operation which was the highest and best use of the property. That parcel subject to easement was used strictly for grazing purposes, and did not affect the total unit. The Tinants, on the other hand, operated a sizable dairy operation, and dug four test wells, some in 1968 and some in 1970, to ascertain the quantity and quality of water. Although they had not irrigated any of the lands suitable for irrigation in the areas to be occupied by the highline, they purchased approximately 50 more milk cows in 1973 in anticipation of the additional forage and feed that could be grown on the land within their unit when irrigated. Appellants, through their expert witness, did not challenge the irrigability of the land nor that the highest and best use of the land would be for the production of food and forage for the dairy herd.

Appellant in its motion for new trial, in its assignments of error and on the brief claims the verdict to be excessive as "appearing to have been given under the influence of passion or prejudice and on the grounds of insufficiency of the evidence to justify the verdict." While we have held that a claim of excessive damages given under the influence of passion or prejudice is an appropriate claim of error in condemnation cases, State Highway Commission v. Bloom, supra, we have also noted that such a claim is more appropriate to tort actions, State Highway Commission v. Miller, 1968, 83 S.D. 124, 155 N.W.2d 780. Although the award may be generous, mere generosity is not enough. We can disturb the verdict only if the award "is so extremely excessive as to justify the inference or conclusion that it is the product of corruption, passion or prejudice." Tufty v. Sioux Transit Co., 1945, 70 S.D. 352 at 357, 17 N.W.2d 700, 702; Ross v. Foss, 1958, 77 S.D. 358, 92 N.W.2d 147. As stated in Ross v. Foss, supra, at 369, 92 N.W.2d at 153, "Our review of this record reveals no occurrence

of that type, nor do we consider the verdict so excessive as to warrant an inference or conclusion that it is tainted with corruption, passion or prejudice." Because such a heavy burden is cast on the appellant to establish passion or prejudice as a ground for granting a new trial we will not treat the grounds in the conjunctive as proposed by the appellant but separately consider, then, the more appropriate claim of sufficiency of the evidence under RCP Rule 59(a)(6).

Appellant's challenge to the sufficiency of evidence revolves around the basic question as to whether the lines diagonally crossing the irrigable acres made it impractical to utilize the center pivot irrigation system. The relative merits in efficiency and labor costs as well as soil types, land slopes and susceptibility to erosion given varying rates of water application with other irrigation systems, namely, the big gun and stationary systems, were before the jury. Whether a highline, when constructed, renders irrigable lands useless to center pivot irrigation and whether that system was the only feasible system are questions for the jury under proper instructions. Regier v. Nebraska Public Power District, 1972, 189 Neb. 56, 199 N.W.2d 742.

Had there been an adequate showing of unity of ownership, contiguity of the several tracts of land and the interrelationship of the various tracts of land to the total dairy operation, the jury may have been justified, we believe, in making an award of consequential damages to the unit.

As indicated in Instruction No. 7, the court determined that the unit constituted 1800 acres. Appellant's witness, Carr, on the other hand, could account for only 1640 acres. This court has held that the determination of what constitutes the unit is ordinarily a question of fact to be determined by a jury on the evidence presented. "When there is no dispute in the facts, the question whether physically separated parcels of land constitute one parcel because of common use, is a question of law for the Court." State Highway Commission v. Fortune, supra, 77 S.D. at 312, 91 N.W.2d at 682; State Highway Commission v. Bloom, supra; and State Highway Commission v. Olson, supra. The court

in Hurley v. State, 1966, 82 S.D. 156, 165, 143 N.W.2d 722, 727, quoted the general rule governing whether physically separated parcels of land constituted a unit:

> " 'In many cases the court can, as a matter of law, determine that lots are distinct or otherwise, but ordinarily it is a practical question to be decided by the jury or other similar tribunal which passes upon matters of fact, which should consider evidence on the use and appearance of the land, its legal divisions and the intent of its owner and conclude whether on the whole the lots are separate or not. * * * ' 4 Nichols on Eminent Domain, § 14.31, p. 715."

The trial court may, however, determine as a matter of law whether some property which is noncontiguous may be considered a part of the unit, State Highway Commission v. Bloom, supra, but should not otherwise substitute its judgment for that of the jury.

Reversed and remanded for further proceedings not inconsistent with this opinion.

DUNN, Chief Justice (dissenting).

I would dissent.

The majority opinion reverses the judgment on the basis of two issues that were never passed on by the trial court or raised as error on this appeal. I am aware that this court can and on occasion does raise new questions on appeal "in the interest of fundamental justice." I see no such interest here. If the parties were satisfied with the size and the unity of use and ownership of the unit, I see no purpose in this court requiring a new trial on those issues.