NEBRASKA ELECTRIC GENERATION & TRANSMISSION COOP., INC., Appellant v. CADY et ux, Respondents

(241 N.W.2d 139)

(File No. 11519. Opinion filed March 25, 1976)

**J. W. Grieves,** Winner, for plaintiff and appellant.

**Johnson, Johnson & Eklund,** Gregory, for defendants and respondents.

COLER, Justice.

Nebraska Electric Generation & Transmission Cooperative, Inc., hereinafter referred to as appellant, brought this action against George Cady and Dena Cady, husband and wife, as owners of certain land for condemnation of a 100 ft. wide easement running diagonally across portions of three quarters of land owned by them and, particularly, the Southwest Quarter of Section 3, the Northeast Quarter of Section 10 and the Northwest Quarter of Section 11, all in Township 35 North, Range 29, West of the 6th P.M., Todd County, South Dakota.

This case was the second of a series of cases brought before this court and the nature of the easement was the same as that taken and referred to in Nebraska. Electric Generation & Transmission Cooperative, Inc. v. Tinant, 1976, 90 S.D. 284, 241 N.W.2d 134. The easement in this case involves a taking of 17.52 acres and there would be placed on that right-of-way nine 2-pole structures and one 3-pole structure. The jury awarded damages

of $30,000 for that acreage taken and for consequential damages to the remainder of the land under the unit rule. The ranch unit consisted of 1200 acres which was owned by respondents, including land contiguous to that hereinbefore described, as well as an 80-acre tract, being the West Half of the Northeast Quarter of Section 35, Township 36 North, Range 29, West, Todd County, South Dakota. The jury verdict was given under an instruction which had as its basis South Dakota Pattern Jury Instructions (Civil) 141.05 covering "severance" damages. Nebraska Electric has appealed. We affirm.

Appellant moved for a new trial pursuant to subsections (5), (6) and (7) RCP Rule 59(a) (SDCL 15-6-59(a)). To the extent that appellant attempted to use RCP Rule 59(a)(7), it failed in the motion for new trial to state with particularity wherein evidence admitted over timely objection constituted a basis for the granting of a new trial. Although a motion for new trial is not required to preserve the right of review for the purposes of either subdivision (6) or (7) of RCP Rule 59(a), yet if the motion for new trial is made, the requirements of the statement of particulars must be met in the motion to the trial court. RCP Rule 59(f) (SDCL 15-6-59(f)); SDCL 15-26-20; Lang v. Burns, 1959, 77 S.D. 626, 97 N.W.2d 863; Fales v. Kaupp, 1968, 83 S.D. 487, 161 N.W.2d 855.

Appellant's other assignments of error deal with (1) the giving of an instruction on severance damages which this court has dealt with in Nebraska Electric v. Tinant, supra, and (2) excessive damages appearing to have been given under the influence of passion or prejudice and on the grounds of insufficiency of the evidence to justify the verdict.

While we stated in Nebraska Electric v. Tinant, supra, that the term "severance" might not be apropos to "consequential" damages, appellant proposed no instruction, this case having been decided by the jury prior to the decision of this court in Basin Electric Power Cooperative, Inc. v. Cutler, 1974, 88 S.D. 214, 217 N.W.2d 798. Absent such as instruction it became the law of the case. State Highway Commission v. Fortune, 1958, 77 S.D. 302, 91 N.W.2d 675; SDCL 15-6-51(a). Appellant offered nothing in the way of evidence to preclude the court from instructing as a

matter of law that the entire 1200 acres constituted a unit in its use and did not controvert the evidence that a test well on the Southwest Quarter of Section 3, a quarter section which had been used for growing of crops for feeding respondents' livestock, would produce sufficient quantities of quality water for irrigation and that the land was not only irrigable but necessary for the maintenance of the unit in the cow-calf and hog operation of respondents. As in Nebraska Electric v. Tinant, supra, there was both expert and lay testimony as to the irrigability of the land, its necessity in the use by the ranch unit and the pros and cons in the variety of irrigation systems' initial and operational costs upon which the jury could have found both unity of use* and consequential damages to the remainder.

■As to the issue of passion and prejudice we find appellant has failed in its burden of proof to establish either corruption, passion or prejudice as the verdict is not so excessive as to warrant the inference. State Highway Commission v. Bloom, 1958, 77 S.D. 452, 93 N.W.2d 572. As to the sufficiency of evidence to sustain a verdict, to the extent that those questions were brought before the trial court in the motion for new trial, appellant, without particularity, claimed that:

> "the great weight of testimony was to the effect that this property could still be irrigated after the transmission line was constructed and that production from the land because of irrigation would be just as great after construction of the line as prior to the construction of the line and that this could not possibly result in the market value damage arrived at by the jury."

"In this regard, we may examine the record to determine only whether there is any competent and substantial evidence to support the verdict. In doing so we are obligated to resolve all conflicts in the evidence, and to draw all reasonable inferences arising therefrom, favorable to the prevailing party." Bentz v. Cimarron Insurance Co., 1962, 79. S.D. 510, 114 N.W.2d 96; SDCL 15-26-19 and annotations thereunder.

---

\* See Illinois Pattern Jury Instructions Civil 2d Ed., 300.18, 300.21, 300.32.

■ Separately stated but inseparable from consideration of sufficiency of the evidence is appellant's claimed error in the admission of certain testimony dealing with the planned use of the Southwest Quarter of Section 3 and the placement of the transmission line so as to negate the possible use of the center pivot irrigation system. Whether other systems testified to by appellant's witnesses were feasible or not, and if not, that the planned use of the quarter section of land for irrigation to reduce the cost of feed grain and forage otherwise purchased for the livestock operation thus damaged the entire unit were proper questions for the jury under the instructions given. As this court stated in State Highway Commission v. Hayes Estate, 1966, 82 S.D. 27, 140 N.W.2d 680:

> "Great latitude is allowed in the reception of evidence to prove the value of property in condemnation cases, and generally any relevant and material evidence, if competent under general rules of evidence, is admissible to prove market value. (citations omitted) No competent evidence should be excluded which an ordinarily prudent man would take into account before forming a judgment as to the market value of property which he is about to purchase. If the proffered evidence tends to aid the trier of fact in arriving at a conclusion on the issue of value and damage, it should be received."

■ We cannot, having reviewed the entire record, find that the verdict is unsupported by competent and substantial evidence.

Judgment is affirmed.

DUNN, C. J., and WINANS and WOLLMAN, JJ., concur.