STATE HIGHWAY COMMISSION, Appellant v.
EMRY et ux, Respondents

(244 N.W.2d 91)

(File No. 11603. Opinion filed July 2, 1976)

Camron D. Hoseck, Asst. Atty. Gen., for plaintiff and ap-

pellant; **William J. Janklow**, Atty. Gen., **Carl W. Quist**, Asst. Atty. Gen., Pierre, on brief.

**Joseph M. Butler, Bangs, McCullen, Butler, Foye & Simmons**, Rapid City, **Robert D. Hofer, Stephens, Riter, Mayer & Hofer**, Pierre, for defendants and respondents.

COLER, Justice.

This case comes to us upon a stipulation of facts which was presented to the trial court in eminent domain proceedings taken pursuant to SDCL 31-19. The parties stipulated to the total amount of damages, both for land actually taken and for consequential damages to the remainder. They also stipulated as to the amount of the enhanced value to the remainder which was to be a setoff against the total if that benefit was found by the trial court to be a special benefit. The trial court awarded $75,000 damages with $50,000 being designated as payment for the land taken and $25,000 as damages to the remainder. We reverse and remand for further proceedings.

The stipulation of facts appears as follows:

"I

"This is a condemnation action for a highway project involving the defendants' property. The taking in this case eliminates an off-ramp which presently takes westbound traffic past the defendants' place of business (a service station, gift shop and cafe) and on to the Badlands National Monument.

"II

"The project, when completed, will contain a full diamond interchange which will route the westbound traffic directly off the interstate to the Badlands National Monument over such interchange.

"III

"The defendants own the two south quadrants of the proposed diamond interchange.

"IV

"The parties agree that the amount of just compensation due the defendants is the sum of Fifty-Five Thousand Dollars ($55,000.00) if the benefits resulting to the two south quadrants are determined to be special benefits as against general benefits. Conversely, if the benefits accruing to the two south quadrants are held to be general benefits rather than special benefits, the parties agree that the amount of just compensation due the defendants is the sum of Seventy-Five Thousand Dollars ($75,000.00).

"V

"The north two quadrants of the proposed diamond interchange are owned by the United States government and will be enhanced in value to the same extent as the south two quadrants owned by the defendants. The parties further agree that the land adjoining the highway on either side of the proposed quadrants of the interchange will also be enhanced in value but to a lesser degree than the land closest to the off-ramps of the proposed diamond interchange.

\* \* \* \* \* \*

"VIII

"The taking of right-of-way and temporary construction easements are shown in the Resolution of Necessity and the Petition and Declaration of Taking on file herein.

"IX

"Counsel for the respective parties will provide any additional information and briefs as may be desired by the Court to determine the issue of whether the benefits resulting to the two south quadrants of the diamond interchange are special benefits or general benefits."

Paragraphs VI and VII of the stipulation, identifying various colored lines used on Exhibit 1 to describe the different aspects of the taking and construction, are omitted in reproducing the exhibit. As can be seen in the exhibit the two sections of land owned by respondents are outlined, and the present buildings which have been used by respondents in connection with retail businesses, i.e., service station, gift shop and cafe, appear in the lower right. Exhibit 1 appears as follows:

We also relate certain other limited factors reflected in the briefs of the parties which are supported by the record. The construction project involves a portion of Interstate 90 running diagonally through respondents' land in a northwesterly to south-

easterly direction. A full diamond interchange, as set forth in the plans and specifications, gives access to the section line highway running north and south between Section 25, Township 2 South, Range 18 East and Section 30, Township 2 South, Range 19 East of the Black Hills Meridian, Jackson County, South Dakota; both of which are owned by respondents. This project terminates the preexisting off-ramp which brought westbound traffic choosing to tour the Badlands by way of alternate U.S. Highway 16 past respondents' places of business. The new interchange will allow either east or westbound traffic to enter onto the relocated portion of alternate Highway 16, the only major highway going through that scenic area of the state. It is the anticipated increase in traffic past the two south quadrants of the interchange which appellant claims enhances the value of those two quadrants and thus constitutes a special benefit to respondents.

Appellant in its brief states:

"Because this case was submitted on stipulated facts, usual problems do not exist as to proof of damages or whether proffers thereof should have been admitted into evidence. Just compensation is to be $55,000 if special benefits are found to have accrued to the two south quadrants, $75,000 if the benefits are not determined to be special. By stipulation it is shown that monetary enhancement exists if, as a matter of definition, special benefits are found to exist. Therefore, the criteria of increased market value set forth in State v. Bloom is met by said stipulation of facts. The effect of this is to then confine the issue to one of definition."

Regardless of how it is phrased, the issues raised by this appeal include not only a definition of terms, but also whether there was sufficient evidence before the trial court upon which a determination might be made that the benefits agreed to are either "general" or "special," as a matter of law.

The trial court, by its holding, did not reach the question of a definition of general and special benefits. Based upon the stipulation of facts, which effectively waives findings of fact and conclu-

sions of law, RCP Rule 52(b), the trial court held, as evidenced by its memorandum opinion, that:

"I conclude that the fact that the property of defendants was enhanced in value by the construction of an interstate highway interchange does not establish that the highway construction resulted in a special benefit to the property. Upon the stipulation filed by the parties, the defendant is entitled to judgment in the amount of $75,000."

The rationale for this holding is reflected by a further quotation taken from the trial court's memorandum opinion:

"In Darnall v. State, 79 S.D. 59, 108 N.W.2d 201, the Court held that a small businessman, whose access to highway traffic was cut off by the interstate highway suffered no legal damage due to the fact that the highway diverted traffic away from his place of business. It seems to me that the converse of the rule announced in that case would apply to the issue posed by this case. If loss of traffic and resulting decrease in property value is not a special detriment justifying compensation, then increase in traffic past property with a resulting enhancement in value would not be a special benefit permitting a setoff."

Darnall v. State, 1961, 79 S.D. 59, 108 N.W.2d 201, does not, as recognized by this court in Hurley v. State, 1966, 82 S.D. 156, 143 N.W.2d 722, stand for the proposition that a businessman is absolutely barred from recovery of damages for deprivation of access to a highway upon which his business depends. In Darnall v. State, supra, the plaintiffs were not owners of land abutting the highway to which they were being denied access. On the other hand, in Hurley v. State, supra, the interest of the owners of abutting property and their right to damages for loss of access was established. The right of access of an abutting owner is predicated upon the presumption of ownership to the center of the way under SDCL 43-16-3. See also SDCL 31-19-1; Cuka v. State, 1963, 80 S.D. 232, 122 N.W.2d 83 and SDCL 31-19-60. As the

rule relied upon by the trial court was erroneous, we must analyze the issues of sufficiency of the evidence and the distinction between general and special damages.[1] A rule of law of such importance to the public cannot be formulated on the scant evidence in this record. As stated in Nichols on Eminent Domain at § 8.62:

> "When a portion of a tract is taken by eminent domain for a use which is beneficial to the remainder of the tract, the question arises whether such benefit can be considered in determining the amount of compensation, and if so, to what extent. Upon this subject there is a great diversity of opinion and more rules, different from and inconsistent with each other, have been laid down than upon any other point in the law of eminent domain."

That diversity of opinion is equally apparent from a reading of the exhaustive annotations at 13 A.L.R.3d 1149. See also 27 Am.Jur.2d, Eminent Domain, §§ 357 to 371, 374. In the final analysis, the determination must hinge upon the constitutional and statutory provisions of each state.

The South Dakota Constitution Article VI, Section 13 provides as follows:

> "§ 13. Private property shall not be taken for public use, or damaged, without just compensation, which will be determined according to legal procedure established by the Legislature and according to § 6 of this article. No benefit which may accrue to the owner as the result of an improvement made by any private corporation

1.  A corollary question is whether the provisions of SDCL 31-19-49 apply and, if so, to what extent relocation assistance might be afforded to the respondents: "31-19-49. When federal funds are available for payment of direct financial assistance to persons displaced by highway acquisition, the department of transportation, boards of county commissioners or county highway boards may match such federal funds to the extent provided by federal law as of July 1, 1971 and provide such direct financial assistance in the instances and on the conditions set forth by federal law and regulations as of July 1, 1971.
    "This section and § 31-19-49.1 shall apply to all persons displaced by highway acquisition subsequent to January 2, 1971."

shall be considered in fixing the compensation for property taken or damaged. The fee of land taken for railroad tracks or other highways shall remain in such owners, subject to the use for which it is taken."

Pertinent to the general concept of off-setting special benefits it is to be observed that in addition to the provisions of Article VI, Section 13 there are the somewhat duplicitous provisions of Article XVII, Section 18:

"Municipal and other corporations and individuals invested with the privilege of taking private property for public use shall make just compensation for property taken, injured or destroyed, by the construction or enlargement of their works, highways or improvements, which compensation shall be paid or secured before such taking, injury or destruction. The Legislature is hereby prohibited from depriving any person of an appeal from any preliminary assessment of damages against any such corporation or individuals made by viewers or otherwise; and the amount of such damages in all cases of appeal shall, on the demand of either party, be determined by a jury as in other civil cases."

Antedating both of the foregoing constitutional provisions the legislature has mandated, since the adoption of Chapter 94 of the Session Laws of 1891, without differentiating between general and special benefits, that the jury is to consider benefits in cases involving condemnation by a municipal corporation. SDCL 21-35-17 provides that:

"In all cases of taking or damaging private property by a municipal corporation, the jury shall take into consideration the benefits which may accrue to the owner thereof as the result of the proposed improvement."

In enacting, by Chapter 113 of the Session Laws of 1939, the first comprehensive act setting forth the procedure to be followed in highway condemnation actions, the legislature obviously borrowed from the text of SDCL 21-35-17 in the language of what is now

SDCL 31-19-17[2] reading as follows:

"31-19-17. In all cases of taking or damaging property, the jury shall take into consideration the benefits which may accrue to the owner thereof as the result of the proposed improvement."

The legislature also repeated the text of SDCL 21-35-18, to-wit:

"21-35-18. If the compensation for all the property taken or damaged is ascertained by the jury upon one trial, they shall ascertain and return in their verdict the compensation to be paid for each distinct lot or parcel of land or property taken or damaged."

in identical language in what is now SDCL 31-19-16.

This court, in Highway Commission v. Bloom, 1958, 77 S.D. 452, 93 N.W.2d 572, recognized the general rule relating to general and special benefits which may be taken into consideration in condemnation cases. The context in which the rule was considered is evidenced by the following quotation from that case:

"The State requested an instruction as to benefits in this language taken for the most part from SDC Supp. 28.13A09: 'In all cases of taking or damaging property, the jury shall take into consideration the benefits which

---

2. We observe that neither SDCL 21-35-17 nor 31-19-17 has been constitutionally challenged and no challenge has been made by the parties herein. It is of interest to note that the editors of Nichols on Eminent Domain have overlooked these statutory provisions and have taken out of context certain parts of our constitution, wherein they state, at § 8.6211[42]:
"By the constitution of South Dakota (citing S.D.Const. Art. VI, § 13) it is provided that 'no benefit which may accrue to the owner as the result of any improvement made by any private corporation shall be considered in fixing the compensation for any property taken or damaged.' Nevertheless, it has been held that special benefits may be set off against consequential damages to the remainder area, but not against the value of the part taken." (citing State Highway Commission v. Bloom, supra) and, further, at § 8.6208, that:
"in Arkansas, California, Iowa and South Carolina, it has been held that benefits cannot be considered at all, and the same result would seem to follow necessarily from the phraseology of the constitutions of Oklahoma and South Dakota." Our review of the constitutional provisions and related statutes in those states leads us to no such conclusion.

may accrue to the owner thereof as the result of the proposed improvement.' [Now SDCL 31-19-17] Under this rule the benefits which may be taken into consideration are not those which may inure to the community in general or to the public in common, but must be those benefits which inure to the owner as to the part of the property not taken proximately resulting from the improvement and which are of such a nature as to increase the market value of that part of the property not taken. 18 Am.Jur., Eminent Domain, §§ 297-301; Annotation, 145 A.L.R. 7, at page 40; Lineburg v. Sandven, 74 N.D. 364, 21 N.W.2d 808. It will be noted that the statute refers to 'benefits', but under the provisions of Article VI, Section 13, of the South Dakota Constitution requiring just compensation to be paid for private property taken or damaged for public use, it would not be just to charge an owner whose land is taken for a general benefit received by the public in common. There was no evidence of special benefits to the land not taken. The Court properly rejected the requested instruction." 77 S.D. at 459, 93 N.W.2d at 576.

It is apparent, from reading Highway Commission v. Bloom, supra, that an explicit definition of special as against general benefits was not undertaken. It was unnecessary to do so in that case since there was no evidence of special benefits to the land not taken.

■ A definition or classification of special benefits within the meaning of SDCL 21-35-17 or 31-19-17 and Highway Commission v. Bloom, supra, is, as appellant states, one of first impression before this court. Rather than attempt to rely upon the reasoning of other courts leading to divergent results we hold that for benefits to be deemed special, the benefit to the remaining property must be different in kind from that of any other owner involved in the highway improvement and that, though the benefits to various landowners affected may differ in degree, it is not the degree of benefit that controls. This holding necessarily follows from our prior holdings defining the term "special" for the purposes of distinguishing between general and special damages

recoverable in eminent domain proceedings. See SDCL 2-14-1; Hyde v. M., D. & P. Ry. Co., 1912, 29 S.D. 220, 136 N.W. 92, 40 L.R.A. (N.S.) 48; Darnall v. State, supra, and Hurley v. State, supra.

Because the language of SDCL 21-35-17 and 31-19-17, as necessarily construed by this court in Highway Commission v. Fortune, 1958, 77 S.D. 302, 91 N.W.2d 675, limits the jury to awarding a lump sum for all damages (see Pattern Jury Instruction (Civil) 141.05 and discussion thereon in Neb. Elec. Gen. & Trans. Co-op v. Tinant, 1976, 90 S.D. 284, 241 N.W.2d 134 and Neb. Elec. Gen. & Trans. Co-op v. Markus, 1976, 90 S.D. 238, 241 N.W.2d 142), we would commend to the legislature for their consideration the provisions of N.D.C.C. § 32-15-22[3] and the Hawaii statute, Hawaii 101-23[4], either of which would, as contrasted to

3. 32-15-22. The jury, or court, or referee, if a jury is waived, must hear such legal testimony as may be offered by any of the parties to the proceedings and thereupon must ascertain and assess:
   1. The value of the property sought to be condemned and all improvements thereon pertaining to the realty and of each and every separate estate or interest therein. If it consists of different parcels, the value of each parcel and each estate and interest therein shall be separately assessed;
   2. If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned and the construction of·the improvement in the manner proposed by the plaintiff;
   3. If the property, though no part thereof is taken, will be damaged by the construction of the proposed improvement, the amount of such damages;
   4. If the property is taken or damaged by the state or a public corporation, separately, how much the portion not sought to be condemned and each estate or interest therein will be benefited, if at all, by the construction of the improvement proposed by the plaintiff, and if the benefit shall be equal to the damages assessed under subsections 2 and 3, the owner of the parcel shall be allowed no compensation except the value of the portion taken, but if the benefit shall be less than the damages so assessed the former shall be deducted from the latter and the remainder shall be the only damages allowed in addition to the value of the portion taken;
   5. As far as practicable, compensation must be assessed separately for property actually taken and for damages to that which is not taken.

4. In part, § 101-23 of the Hawaii Code reads as follows:
   "In fixing the compensation or damages to be paid for the condemnation of any property, the value of the property sought to be condemned with all improvements thereon shall be assessed, and if any of the improvements are separately owned, the value thereof shall be separately assessed. If the property sought to be condemned constitutes only a portion of a larger tract, the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned, and the construction of the improvements in the

our present law, materially aid both the trial court and the jury in arriving at just compensation not only for the purposes of the unit rule of severance damages but also for the purposes of special benefits.

■ The parties have, in essence, stipulated that the two sections of land involved constituted a unit notwithstanding that segments of the property were devoted to two apparently distinct uses. Principally the land is used in ranching. That portion formerly fronting on the access road to the Badlands National Monument has been used for commercial purposes. There is considerable division of opinion as to whether or not such distinct uses could be considered as a unit. Nichols on Eminent Domain §§ 8.6201, 8.6210[1]. In light of our decision in Highway Commission v. Bloom, supra, more evidence than is in the present record must be presented in the trial court to resolve that question.

The stipulation and the record before this court, not having dealt with issues of damages for the loss of access, relocation assistance, unity of use or difference in kind of benefits to respondents and others affected, further evidence must be taken for an ultimate determination of the issues in this case.

---

manner proposed by the plaintiff shall also be assessed, and also how much the portion not sought to be condemned will be specifically benefited, if at all, by the construction of the improvement proposed by the plaintiff. If the benefit shall be equal to the amount of compensation assessed for the property taken, and for damages by reason of its severance from another portion of the same tract, then the owner shall be allowed no compensation, but if the benefits shall be less than the amount so assessed as damages or compensation, then the former shall be deducted from the latter and the remainder shall be the amount awarded as compensation or damages. * * * If condemnation is for the purpose of widening or realigning any existing highway or other public road, the owner of the property condemned shall be entitled to full compensation for the property actually taken and special benefits shall be considered only insofar as the value of the benefits shall not exceed the damages which will accrue to the portion not sought to be condemned by reason of its severance from the portion sought to be condemned and the construction of the improvements in the manner proposed by the plaintiff. That is, if the special benefits shall be equal to the severance damages, then the owner of the parcel shall be allowed no compensation except the value of the portion taken, but if the special benefits shall be less than the severance damages, then the former shall be deducted from the latter and the remainder shall be the only damages allowed in addition to the value of the land taken."

Accordingly, judgment is reversed and remanded for further proceedings consistent with this opinion.

DUNN, C. J., and WINANS and WOLLMAN, JJ., concur.