CITY OF BROOKINGS, A Municipal Corporation, Plaintiff and Appellee,

v.

Harvey E. MILLS and Mary Lou Mills, Defendants and Appellants.

No. 13761.

Supreme Court of South Dakota.

Considered on Briefs Nov. 18, 1982.

Decided Aug. 3, 1983.

George S. Mickelson of McCann, Martin & Mickelson, P.C., Brookings, for defendants and appellants; Cathy Mattson of McCann, Martin & Mickelson, P.C., Brookings, on brief.

Alan F. Glover, Brookings City Atty. of Denholm & Glover Law Firm, Brookings, for plaintiff and appellee.

PER CURIAM.

In this condemnation action the landowners, Harvey and Mary Mills, appeal from a judgment awarding them $95,375.00 for the taking of 10.9 acres. We affirm.

The condemned land is undeveloped and is located adjacent to the city airport in the city of Brookings. The use for which the land was zoned would have allowed retail lumber yards, retail sales offices, construction component plants, parking, and other comparable uses. A previously established aircraft avigation easement encumbered 2.37 acres in the northeast corner of the property and imposed certain height restrictions.

An appraiser for the landowners testified that the property had a value of $10,500.00 per acre. The jury's verdict reflects a value of $8,750.00 per acre. The city's appraiser valued the property at $7,500.00 per acre. Landowners placed a value of $11,000.00 per acre on the property.

At trial the city made a motion in limine to prevent landowners from introducing any evidence of specific plans they had developed for the property prior to its condemnation. These plans included a permit from the Federal Aviation Administration (FAA) and a preliminary plat. The plans for construction included a parking lot in the area encumbered by the avigation easement and several buildings compatible with the use for which the property was zoned. The trial court ruled that landowners could not show the specific plans but that they could show the highest and best use of the property or any compatible use.

Landowners contend that they should have been permitted to introduce their plans, plats, and permits into evidence to illustrate the adaptability of the property for a particular use and to thus establish the fair market value of the land. They rely on the general principle that trial courts have great latitude in receiving evidence of the value or capabilities of property in condemnation cases. *Basin Elec. Power Coop., Inc. v. Cutler,* 254 N.W.2d 143 (S.D.1977); *State Highway Commission v. Hayes Estate,* 82 S.D. 27, 140 N.W.2d 680 (1966). They also rely on *State Highway Commission v. Ullman,* 88 S.D. 492, 499, 221 N.W.2d 478, 481–482 (1974) for the principle that "[t]he condition of the property and all its surroundings may be shown, and if such peculiar adaption adds to its value the owner is entitled to the benefit of it. [2 Lewis on Eminent Domain, 1238 (3rd Ed.)]"

A plan for utilizing property in its highest and best use may be relevant to show damages in a condemnation action. *See Basin Elec. Power Coop., Inc. v. Cutler,*

*supra; Belle Fourche Valley Ry. v. Belle Fourche Land & Cattle Co.,* 28 S.D. 289, 133 N.W. 261 (1911); 5 J. Sackman, Nichols on Eminent Domain § 18.11[2] (3rd. Ed.1981). In the case before us, however, landowners established that a parking lot would be a permitted use of the portion of the premise covered by the avigation easement. Likewise, Harvey Mills testified regarding the highest and best uses to which the property might be put. Additionally, landowners' valuation expert testified that the property could be developed in parcels as small as one acre. Thus, the desired evidence was adequately presented to the jury. Accordingly, we conclude that the trial court did not abuse its discretion in excluding the proffered evidence.

The judgment is affirmed.